## No. 1131.

### W. B. THOMPSON & CO. vs. S. M. LOWERY,

A discrepancy between notes sued on and notes described in an act of mortgage, consisting merely in the name of the month "July" instead of "June," is insufficient to defeat a claim for the enforcement of payment with *mortgage* on the property described in the act and in the petition, particularly where there is no pretence that the mortgageor has issued notes identical with those described in the act and which are outstanding, and where there is no proof in support of such objection.

In order to be able to determine whether an act offered is or not that mentioned in the petition, the same should first be offered and received. The objection to its reception goes to the effect and not to the admissibility.

Attorney's fees stipulated in such act as to be paid by the mortgageor in case of suit on the notes, and *fixed* at five per cent, payment thereof being secured like the notes by mortgage on the property hypothecated, are recoverable and must be allowed.

APPEAL from the Seventh District Court Parish of Franklin. *Ellis,* Judge *ad hoc.*

*A. W. Moore* for Plaintiffs and Appellants.

*Gorham & Berry* for Defendant and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is a suit to enforce payment of two notes and of attorney's fees represented as secured by special mortgage on real estate described in the petition.

The defense is a general denial. On the trial, the plaintiffs offered to introduce in evidence a copy of the act, by which it is claimed that payment was secured by mortgage.

The defendant objected to the introduction on the ground that the act of which copy was offered was not that declared in the petition, in as much as the notes sued on are dated *July* 2, 1881, while those described in the act are stated to be dated *June* 2 of the same year.

The lower court properly overruled the objection and received the act.

The objection went to the effect and not to the admissibility of the act. The court could not determine whether the act offered was that alluded to in the petition, unless it was first offered and received.

The court, however, on the merits considered that the notes sued on had not been shown to be identically those described in the act of mortgage and secured thereby, and gave judgment for the notes with interest and costs, rejecting the claim for attorney's fees and the special mortgage said to have been consented to secure the notes and fees.

The notes sued on are each for $3819 09, both dated Winsboro, *July* 2, 1881, payable on the first day of April 1882, drawn by S. M. Lowery to his own order, payable at the office of W. B. Thompson & Co., New Orleans, La., for value received, with interest at the rate of eight per cent interest per annum after maturity until paid.

They are paraphed *ne varietur* on the 2d of July, 1881, by H. T. Eade, clerk and *ex officio* parish recorder and notary public.

The act of mortgage executed before that officer, and copy of which was introduced, declares that the mortgage is consented in favor of W. B. Thompson & Co., of New Orleans, La. to secure payment of three notes which were all delivered to the mortgagees, and *two* of which are described precisely as are those sued on, with the only difference that instead of being declared as dated *July* 2, 1881, they are stated as dated *June* 2, 1881.

There is no allegation or pretence that the defendant has issued other notes answering those described in the act of mortgage and which are outstanding.

The burden was on him to plead and prove.

The mis-description, as to the name of the month "June" instead of "July", is clearly a clerical error, of which, in the absence of plea or proof, the defendant cannot be permitted to take advantage to the injury of plaintiffs.

The notes are sufficiently identified. 16 L. 163; 5 Ann. 524; 4 Ann. 303; 19 Ann. 141.

Neither is there any charge that the plaintiffs are not the owners of the notes or have no right to sue on them as is sought to be done.

By the act in question, it is specially stipulated that, in case of non-payment of the notes and of suit to enforce payment, the defendant shall pay the fees of the attorney employed to collect them, the same being *fixed* at five per cent on the amount sued for. 26 Ann. 500. And that the mortgage is consented to secure the payment of the notes in capital and interest, as well as the attorney's fees thus fixed.

The district court erred in rejecting the prayer for a recognition of the mortgage and in denying the allowance of the fees claimed.

Counsel for defendant argue that it is incumbent on a plaintiff to establish his claim legally. No proposition of law is better established as a rule of practice.

There is, however, another rule of law which the defense has overlooked, and it is that, in a case like the present one, where the proof is sufficient to establish the identity of the notes sued on with those de-

scribed in the act of mortgage, although there may exist a slight discrepancy, the burden is upon the defendant to show that he has issued outstanding notes, such as are described in the act.

We think the plaintiffs have fully established their claim and that the defendant has not, by plea and proof, relieved himself from the liability which he has saddled upon himself.

It is, therefore, ordered and decreed that the judgment appealed from be affirmed, as far as it condemns the defendant to pay to the plaintiffs the notes sued on in capital and interest, and that in other respects it be reversed.

It is now ordered and adjudged that the plaintiffs recover in addition from the defendant five per cent for attorney's fees on the amount sued for and costs of suit, the whole, with special mortgage securing both the notes in capital and interest and the fees and costs on the property described in the act of mortgage and in the petition, and that defendant and appellee pay costs in both courts.