Lockhart vs. Morey.

*No. 1,203.

### JOHN M. LOCKHART VS. FRANK MOREY.

A vendor, seizing the plantation securing his claim, has a right to make the advances necessary for the working of the place while in the Sheriffs' custody, and to overseer it with the Sheriffs' consent. In both cases, he is entitled to recover the amount of the advances shown to have been made and to receive payment for his services.

An account annexed to a petition "*for reference*," stands as an amplification of the petition and justifies the admission of proof in support of the *items* figuring upon it.

APPEAL from the Eighth Judicial District Court for the Parish of Madison. *Deloney*, J.

*C. J. & J. S. Boatner*, Attorneys for Plaintiff and Appellee.

*Stone & Murphy*, Attorneys for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.  This is a suit for the recovery of $2579 71 for advances made in different ways to work defendants' plantation.

The defense is, that part of the advances consists in the payment of plaintiffs services, and part in unauthorized disbursements.  The answer contains charges of misrepresentations by plaintiff to defendant in consequence of which the latter claims that he has sustained damages amounting to upwards of $6000.

From a judgment in favor of plaintiff, and rejecting the reconventional demand, the defendant has appealed.

The main complaints seem to be that the plaintiff was allowed $366 66 for his services as overseer and $789 11 for advances for 1887, made without any authority.  The advances for the difference for 1886 do not appear to be disputed.

The record shows that in June, 1886, the plaintiff sold to the defendant the plantation in question, part cash and part on time and that by a contemporaneous understanding, the parties agreed that the management of the plantation would be entrusted to the plaintiff, until the end of the same year and that he would make all the necessary advances to raise the crops, and that the proceeds would first be applied to the reimbursement of those advances and the surplus, if any, would go towards the extinguishment of the unpaid portion of the price of sale.

It appears also, that early in 1887 the plaintiff caused executory process to issue, under which the plantation passed to sheriff's keeping and

*This case was decided in Monroe, in June, 1888.

that while it was in the custody of the law, the plaintiff, acting under advice of counsel made the advances required for its management and to prevent the property from going to ruin and loss.

There is nothing to show that the defendant, in any mode, protested against or opposed such administration of his property.

The sheriff had a right, nay, was bound to manage and administer the property, if it required it and if he could provide for the money to do so. He certainly was under the obligation of performing that duty, where the plaintiff himself was willing to make the advances and the plaintiff having done so, is surely entitled to recover them back with the privilege allowed by law in such cases.

To make such advances, the plaintiff did not require defendant's authority. He derived the right from the law, for the preservation of the property by which his rights were secured and, at the same time, for the protection of those of the defendant, as owner, having an interest in a proper keeping of his estates.

The advances made as well during 1886, as 1887, are well established by the testimony adduced on the trial, which also proves the services of the plaintiff as overseer during 1887.

The objection to the payment of those services seems to be that the evidence was admitted without an averment in the petition to justify it. This objection is met by the simple statement that the bill or account in which they are set forth, is annexed to the petition for reference, in amplification of the amount claimed by the plaintiff.

The record shows that numerous objections, made to the admission of some oral testimony, were overruled. They are not urged on appeal and even then, they could not be sustained for the reason that they went to the effect and not to the admissibility of the proof offered to be made.

The plea in reconvention is for damages alleged to have resulted from misrepresentations of plaintiff to the defendant, touching the quantity of cane on the land at the time of sale.

On the trial, the defendant has adduced no proof in support of those charges; he has not even offered his own testimony.

While the plaintiff was on the stand, some effort was made to establish by him those misrepresentations and certain alleged promises, but without success. The plaintiff on the contrary proves that he showed the place to the defendant, before the sale, and merely stated to him— what had been told him, leaving the defendant to verify and judge for himself, before accepting.

This view of the matter renders unnecessary any opinion on the bill

of exception reserved by the defendant to the refusal of the District Judge to allow the witness to answer a question touching a promise to reserve twenty acres for planting in 1887; the fact being that, subsequently, in the course of his examination the plaintiff denied the promise, and was not contradicted.

A letter of the defendant, to which is attached a P. S., shows that he did not dispute the advances for 1886, nay approved them and that, while he admits he had no right to expect advances for the following year, he, to some extent, induced the plaintiff to make them.

There is a demand for damages for a frivolous appeal, but we do not think that, under the circumstances of this case, it ought to be allowed.

Judgment affirmed.