(40 South. 923.)

No. 15,885.

JOHNSON v. AGURS et al.

(March. 12, 1906.)

1. HOMESTEAD—SALE—SURPLUS—EXEMPTIONS.

Where a homestead is sold at a judicial sale for a debt as against which it is not exempt, and a surplus remains, the debtor may claim the amount of his exemption in such surplus to enable him to purchase another homestead.

[Ed. Note.—For cases in point, see vol. 25, Cent. Dig. Homestead, § 110.]

2. SAME—TIME TO CLAIM.

In such a case the debtor's claim is that of owner, and his mortgage creditors are repelled by the homestead exemption; and the debtor's action is timely, when brought before the sheriff or the purchaser at the judicial sale has paid out the surplus of the proceeds.

[Ed. Note.—For cases in point, see vol. 25, Cent. Dig. Homestead, § 364.]

(Syllabus by the Court.)

Appeal from First Judicial District Court, Parish of Caddo; Thomas Fletcher Bell, Judge.

Action by P. A. Johnson against Mrs. M. D. Agurs and others. From a judgment dismissing the petition, plaintiff appeals. Reversed and remanded.

Hall & Jack, for appellant. Leon Rutherford Smith, for appellee Agurs. Charles Latham Gaines and Frank J. Looney, for appellee Merchants' & Farmers' Bank.

LAND, J. Plaintiff's petition was dismissed on an exception of no cause of action, and he has appealed.

The facts alleged in the petition may be summarized as follows:

Plaintiff, with his wife and child, occupied as a residence a certain lot of ground, with the buildings and improvements thereon, situated in the city of Shreveport.

Plaintiff had purchased said property subject to a vendor's privilege in favor of the holder of three notes executed by a former owner in part payment of the purchase price.

In the year 1905 the holder of the said notes sued out executory process against the maker, under which the property was seized and advertised for sale. Before the sale, the plaintiff, alleging that he occupied said lot as a homestead, obtained an order from the district judge directing the sheriff to pay over to plaintiff the sum of $2,000 out of the proceeds of the sale of the property, or such part thereof as might remain after satisfying the writ in the hands of the sheriff.

The lot was adjudicated to Mrs. M. D.

Agurs for the price of $1,700, payable in cash. The purchaser paid to the sheriff the sum of $332.53 in full satisfaction of the writ of seizure and sale, and retained the balance of $1,367.47 to meet subsequent mortgages recorded against the plaintiff. The first of these was a special mortgage for a large amount executed by plaintiff to secure a note held by the Merchants' & Farmers' Bank & Trust Company. This mortgage contained no waiver of the homestead privilege.

The other mortgages resulted from the registry of three judgments which had been rendered against the plaintiff.

At the time these mortgages were created, and at the time of the sale, plaintiff, with his family, occupied the lot in question as a homestead under such conditions as entitled him to the benefit of the exemption conferred by article 244 of the Constitution of 1898.

Immediately after the sale the plaintiff instituted the present action against the said purchaser and the said bank and trust company to have said property adjudged to have been his homestead and to recover of the purchaser the sum of $1,367.47.

The district judge was of opinion that until the price has been paid the purchaser is not entitled to any exemption from the payment of his debts, and also that, where a homestead is sold to satisfy a vendor's lien, the surplus of the price of sale is not exempt.

In support of the first proposition, the district judge cites an extract from the opinion in Baker v. Frellsen, 32 La. Ann. 830, in which the court held that the exemption did not apply to the seizure and sale of property for the satisfaction of the purchase price. The broad statement in the opinion, that until the price be paid the purchaser cannot "claim to have the property exempted from the payment of his debts," must be construed with reference to the context

and the issues before the court. Article 245 of the constitution of 1898 recognizes that the homestead exemption may exist as to all debts save such as are contracted for the purchase price of the property, its improvement, etc. The homestead exemption is perfect against all claims save those specially excepted by law. Thompson on Homestead Exemptions, § 334.

In support of the second proposition, the district judge cited Mann v. Kelsey, 71 Tex. 609, 12 S. W. 43, 10 Am. St. Rep. 800, as holding that, where a "homestead was sold to satisfy a vendor's lien, the surplus was not exempt"; the reason assigned being that the sale was a voluntary conversion of the homestead into money, and that money was not exempt.

We are not advised whether the sale referred to was a judicial sale or a voluntary alienation.

Under our practice it cannot be doubted that a sale under executory process is as much forced as a sale under a writ of fieri facias. Article 244 of the Constitution of 1898 exempts the homestead "from seizure and sale by any process whatever," and we cannot perceive how the nature of the judicial process can affect the question before us.

The principal contention of defendant bank is that article 244 of the Constitution of 1898 does not exempt "money" or the proceeds of a judicial sale, except in case the homestead exceeds $2,000 in value and is sold under legal process for more than that sum.

Under this article a homestead not exceeding $2,000 in value cannot be seized and sold at all.

The right to seize and sell such a homestead results from the provisions of article 245, declaring that the exemption shall not apply to debts for the purchase price for improvements, for taxes, etc.

This article does not provide for the distribution of the surplus of the proceeds of a judicial sale made for the purpose of satisfying one of these excepted debts. But article 244, in dealing with the sale of a homestead exceeding $2,000 in value, reserves that amount for the beneficiary in case the homestead sells for more than that sum.

Hence the proviso of the article is pregnant with affirmation that a homestead exemption may attach to the proceeds of a judicial sale.

To restrict this reservation to homesteads exceeding $2,000 in value would be violative of every principle of the equality of rights between persons of the same class.

The general jurisprudence on this subject has been thus stated:

"In most states, if an exempt homestead is converted into money or other personal property, otherwise than by the voluntary act of the debtor, the money or other property may be claimed as exempt. * * * "In most states, perhaps, where a homestead is sold at a judicial sale for a debt as against which it is not exempt, and a surplus remains, the debtor may claim the amount of his exemption in such surplus to enable him to purchase another homestead." 15 Am. & Eng. Ency. Law (2d Ed.) 596, 597.

This doctrine seems to us to be just and reasonable and in accord with the legislative intent to secure a home for the debtor and his family.

The cases in our Reports cited by defendants' counsel have no application to the facts involved in the present controversy. Plaintiff did not voluntarily alienate the property, and could not have opposed its judicial sale for the purpose of paying the purchase price or a part thereof.

His legal rights in the premises were restricted to the surplus of the proceeds of the sale.

His claim is that of owner of the proceeds of the sale not necessary to pay the claim of the seizing creditor.

The creditors holding mortgages are repelled by the exemption from claiming such surplus.

Plaintiff's action was timely, as it was instituted before the purchaser had paid out the proceeds of sale.. Plaintiff's position is analogous to that of a defendant in execution claiming a surplus in the hands of the sheriff against which none of his creditors have a preferential claim.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and it is now ordered and decreed that the exception of no cause of action filed by defendants herein be overruled, and this case be remanded for further proceedings according to law; defendants to pay costs of appeal.