No. ——

First Circuit

---

TRIGGS v. GEORGE

---

(June 5, 1926, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Pleading—Par. 76, 77, 80, 82.**

Under Code of Practice Art. 172 and Act 157 of 1912 as amended, the plaintiff who alleges that his right arm was

broken in two places will, in the interest of justice, on the trial of the case, be allowed to amend his petition and prove that his left arm was broken.

Appeal from the Parish of Lafourche, Hon. R. D. Butler, Judge.

Action by Conley Triggs against Moses George. There was judgment for plaintiff, and defendant appealed.

Judgment affirmed.

Rowland B. Howell, of Thibodaux, attorney for plaintiff, appellee.

Harris Gagne, of Houma, attorney for defendant, appellant.

LECHE, J.   The main and we may say the only error complained of by defendant and appellant on this appeal, is that the trial judge erroneously permitted proof to be adduced of a fact said not to have been alleged in plaintiff's petition.

The demand of plaintiff is for damages alleged to have been caused by an assault and battery committed by the defendant upon plaintiff. The petition alleges that Moses George, the defendant, without cause or provocation, maliciously assaulted petitioner "by violently beating and striking him on his right arm with a piece of wood or heavy stick, resulting in the breaking of his right arm in two places, one below the elbow and above the wrist and the other just at the wrist".

On the trial of the case, plaintiff, having testified that defendant struck him on the arm, was asked on which arm he was struck, and he answered on the left arm. Defendant immediately objected on the ground that the injury was specifically charged to have been inflicted on the right arm. Plaintiff then moved to amend his petition so as to conform to the real fact as testified by plaintiff. Defendant again objected to an amendment as making a material change in the petition and as coming too late. The court however permitted the allegation to be amended and overruled defendant's objection.

It is elementary that in an action at law, plaintiff's petition must contain a clear and concise statement of the object of the demand. C. P., Art. 172. Under Act No. 157 of 1912, p. 225, amended in 1914, p. 612, and again amended in 1924, p. 443, plaintiff must state his cause of action articulately, stating each material fact in a separate paragraph. The defendant on his part must in his answer, admit or deny specifically each material allegation of fact contained in plaintiff's petition. The language hereinabove quoted in our statement of the case, is contained in Article 3 of plaintiff's petition and defendant's answer denies generally all the allegations of Article 3 of plaintiff's petition.

It is also an elementary rule of practice, although there is no statutory law to that effect, that a party may only prove such material facts as may have been alleged by him as a basis for his demand. That rule is founded upon reason and to promote justice. The purpose of a written declaration or petition in which must be stated or alleged all the material facts upon which a litigant relies to establish his demand, is to warn the opposite party so that the latter may, on the trial of the case, be prepared to produce and offer evidence to contradict such allegations or show the non-existence of such alleged facts. Were it not for this well recognized rule, a plaintiff might offer proof which would take defendant by surprise, without opportunity to offer counter proof and unprepared to offer evidence in rebuttal.

The complaint which defendant so earnestly urges on this appeal, is that the trial judge has contravened the above well recognized rule of practice.

When the defendant first objected to the plaintiff's proving injury to his left arm, instead of his right arm as alleged, and before the trial judge could rule on this objection, plaintiff moved to amend and the ruling complained of on this appeal, is really that by which the amendment was permitted to be made. Of course this ruling, in effect, was to permit plaintiff to prove a fact not alleged in his petition. The question then is narrowed down to whether the amendment was one of substance.

The general rule is that a trial judge may exercise a broad discretion in the interest of justice, as to the timeliness of amendments. Young vs. Guess & Swanson, 115 La. 234, 38 South. 975; Schlater vs. LeBlanc, 121 La. 923, 46 South. 921. The tendency of modern practice is to yield as little as possible to technicalities and to afford aid as far as practicable to the filing of amendments which work no injury and prevent useless delays and costs. Davis vs. Arkansas Southern R. Co., 117 La. 320, 41 South. 587. The plaintiff may with leave of court, amend his petition after issue is joined, provided the amendment does not assert a demand different from the relief first sought, or change the substance of the original demand. Coleman vs. Continental Bank & Trust Co., 139 La. 1078, 72 South. 742.

It is obvious that the amendment permitted to be made in this case does not in the least change the substance of the original demand. It is also apparent that it was permitted to be made in the interest of justice. The time at which it was made, did not in fact work any injury to the defendant, for defendant does not claim that he was deprived of the right to procure evidence to show the non-existence of the fact alleged in the amendment, for if he had at the time, complained that it took him by surprise and that he wished time to summon witnesses to contradict the amended allegation, the trial judge might have acceded to his request. His objection, as shown by the note of evidence, is merely that the "amendment comes too late". No reason is given by him either in the wording of the objection or in his argument why the amendment came too late.

We believe that the trial judge has properly exercised the discretion vested in him by law and that his ruling is correct.

The judgment appealed from is therefore affirmed.