No.——

First Circuit

## GUILLOT v. WILHELM MOSS CO.

(Jan. 7, 1927. Opinion and Decree.)
(Feb. 12, 1927. Rehearing Refused.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Pleading—Par. 7, 112; Obligations—Par. 170.**

Where plaintiff's petition alleges a contract but also shows that plaintiff is entitled to payment on a quantum meruit; the proof on default, being sufficient to show the sum due to plaintiff on a quantum meruit, judgment is properly given plaintiff.

2. **Louisiana Digest—Pleading—Par. 7, 62; Obligations—Par. 170.**

Where a petition contains an allegation of a contract, the contract being attached to the petition and also sufficient to show money due on a quantum meruit, an exception no cause of action is properly overruled.

Appeal from the District Court, Parish of St. Landry. Hon. B. H. Pavy, Judge.

Action by Treville Guillot against Wilhelm Moss Company, Inc.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Charles J. Mundy, of Thibodaux, attorney for plaintiff, appellee.

Dudley L. Guilbeau, of Opelousas, attorney for defendant, appellant.

ELLIOTT, J. Treville Guillot alleges that between November 22, 1924, and May

21, 1925, he purchased moss for defendant, at its request, the amount purchased being 144,694 pounds. That he charged defendant one cent per pound for his services in purchasing, hauling and storing the moss, a total of $1,446.94, and that no part of said amount had been paid. That he had purchased moss for defendant previous to November 22, 1924, without any special agreement as to compensation, but after a settlement on account of his previous purchases, he informed defendant through its manager, Mr. S. B. Webb, that his previous compensation was not such as would justify him in further buying; upon which Mr. Webb, defendant's manager, requested him to make him a proposition in writing, which he did on November 22, 1924.

A copy of the proposition addressed to S. B. Webb, Manager, marked exhibit "A", is annexed and made part of his petition and was filed accordingly. That defendant received and replied to his proposition by letter dated November 30, 1924, which letter he attached to his petition marked exhibit "B", and it was filed accordingly. That defendant never again referred to the buying plan proposed by plaintiff, but continued to advise with him and authorized him to purchase for defendant, all the moss possible. That petitioner fulfilled and carried out defendant's instructions faithfully and bought all the moss he could for defendant, furnishing his own truck and driver to haul and store same; paid all expenses in connection with the hauling, etc., as he had proposed in proposition No. 1. That in addition to buying and hauling moss, he did other work and performed other services for defendant in connection therewith for which he charges defendant $56.25; evidenced by an itemized account attached to his petition marked exhibit "E" and filed accordingly. That the authority vested in him by defendant in buying and paying for moss, hauling and storing same, constituted a tacit acceptance of his proposition No. 1. He prayed for judgment against defendant for $1503.19.

Defendant appeared and excepted to plaintiff's demand on the ground that his petition did not set forth a cause of action. The exception was overruled, but defendant did not further appear; and did not file an answer; therefore on motion of the plaintiff a judgment by default was entered and the defendant still failing to appear or file an answer, after due delay the plaintiff appeared, offered proof in support of his demand and the court rendered judgment confirming the default. Defendant appealed.

Defendant urges that plaintiff's petition discloses no cause of action and that his exception to it on that ground should have been sustained.

Plaintiff's petition must be read and understood in connection with the exhibits thereto annexed and filed therewith. These exhibits stand as exemplifications of the petition and the petition in our opinion sets forth a cause of action, not based on a contract, but for a quantum meruit.

Defendant urges that the suit was on a contract and that the judgment was for a quantum meruit. The petition with exhibits, shows on its face that plaintiff's propositions were not accepted insofar as compensation was concerned; but defendant authorized, in fact, urged plaintiff to continue to buy moss, to store it, remitted sums to plaintiff in payment for moss purchased on defendant's account and constituted plaintiff its agent for the purpose. The allegation that plaintiff's proposition

No. 1 was tacitly accepted does not govern the form and substance of the demand, but is governed and controlled by other averments and the demand, which shows that the action is in fact for a quantum meruit.

Defendant lastly contends that plaintiff did not prove his demand. We think the proof was sufficient to confirm the default. Defendant did not deny plaintiff's allegations. The plaintiff took the stand as a witness and we think satisfactorily established, that defendant was justly and equitably indebted unto him in the amount claimed. The default was properly confirmed.

Judgment affirmed, defendant and appellant to pay the costs in both courts.