### ASCANO v. MACALUSO

---

(November 13, 1928. Opinion and Decree.)
(November 26, 1928. Rehearing Refused.)

---

Marx & Levy, of New Orleans, attorneys for plaintiff, appellee.

George J. Untereiner, of New Orleans, attorney for defendant, appellant.

JONES, J. This is a suit for One Hundred Seven and 25-100 Dollars ($107.25) for work done and labor furnished in building a fence for defendant at 2907 Ursuline Avenue, this city. Attached to the petition is an itemized bill showing the amount of labor and material alleged to have been furnished at above address.

Defendant filed exceptions of vagueness and no cause of action along with special denials of each allegation.

The exceptions and merits were tried together, and after hearing plaintiff and two other witnesses in support of petition, and none for defendant, the trial Judge rendered judgment in favor of plaintiff for the amount claimed.

The only defense urged in this court is based on an objection to evidence arising under the following circumstances: When the plaintiff was shown a statement for material delivered at 2906 Ursuline Avenue, defendant said:

"I object. We have been sued for material and labor at 2907 Ursuline Avenue."

The record does not show what ruling was made by the trial judge on this objection, but the witness was allowed to continue his testimony without further protest, although he was cross-examined meticulously by defendant as to all details of the work. Furthermore, defendant did not plead surprise or ask for a continuance.

In the course of his testimony plaintiff stated that he did not remember the correct number of the house, but he was positive that the work was done on the uptown side of the street, for defendant. He further stated that this was the first and only time that he had ever done any work on Ursuline Avenue, and it was the first time that he had ever done any work for the defendant.

The Judge of the lower court, in overruling motion for a new trial based on surprise, uses the following language:

"New trial refused because there is sufficient evidence to show that 2907 Ursuline Street is an error, and correct number is 2906 Ursuline."

We agree with the trial Judge that the error in the number was not sufficient to justify a new trial.

The evidence shows that the work was done on the order of defendant, on the uptown side of Ursuline Avenue, and we do not think that any injustice has been done him by the typographical error, as he knew full well that 2906 Ursuline Avenue was the only place at which he had ordered work from this contractor. It is furthermore shown by the evidence that the wife of defendant inspected the work after it was done. Our Supreme Court has taken this view of the matter in the following two cases:

United States Fidelity & Guarantee Co. vs. Manthe, Teiss, Orleans App. Dig. 69:

"Under an allegation that a collision took place on or about April 19th, on the corner of St. Charles and Louisiana Avenue, plaintiff may prove that it happened on April 17th on St. Charles Avenue near Josephine Street when the time and place are not the gist of the accident."

Thomson vs. Lowery, 37 La. Ann. 646:

"A discrepancy between notes sued on and the notes described in an act of mortgage, consisting merely in the name of the month 'July' instead of 'June,' is insufficient to defeat a claim for the enforcement of payment with mortgage on the property described in the act and in the petition, particularly where there is no pretense that the mortgagor has issued notes identical with those described in the act and which are outstanding, and where

there is no proof in support of such objection."

This court has also applied the same principle in the following cases:

Guillot vs. Wilhelm Moss Co., 5 La. App. 749:

"Amendments to pleadings are favored by jurisprudence when they tend to end litigation and accomplish justice."

Triggs vs. George, 4 La. App. 419; Aaron & Son vs. Keyser, 2 La. App. 649; Jones vs. Texas Railroad Co., 11 Orleans App. 316.

The whole tendency of modern practice is to disregard inconsequential errors.

For above reasons the judgment is affirmed.