CITIZENS' BANK & TRUST CO. v. J. D. MAHONEY TRANSFER CO., INC., ET AL.

———

(February 15, 1932. Opinion and Decree.)

———

Delvaille H. Theard, of New Orleans, attorney for plaintiff, appellee.

Andrew B. Booth, Jr., of New Orleans, attorney for defendants, appellants.

WESTERFIELD, J. Plaintiff bank filed a petition in the civil district court in which it alleged that the J. D. Mahoney Transfer Company, Inc., is a Louisiana corporation, domiciled in New Orleans; that Loker Brothers, Inc., is a Louisiana

corporation, domiciled in New Orleans; that David C. Loker is of full age and a resident of the city of New Orleans; that Raymond Loker is of full age and a resident of the city of New Orleans; "that petitioner is the holder of the note hereto annexed; wherefore the premises considered, petitioner prays that the said J. D. Mahoney Transfer Company, Inc., and Loker Bros., Inc., and David C. Loker and Raymond Loker may be duly cited to appear and to answer the present petition, and that, after due proceedings, petitioner may have and recover judgment in its favor and against the said J. D. Mahoney Transfer Company, Inc., and Loker Bros., Inc., and David C. Loker and Raymond Loker, in solido, in the full sum of $1,300.00, with interest at eight per cent thereon from January 24, 1924, together with attorney's fees of ten per cent on the aggregate of said principal and interest, and for all costs."

To this petition all parties defendant filed an exception of vagueness and of no cause or right of action. The exceptions were overruled, whereupon the J. D. Mahoney Transfer Company, Inc., answered, setting up that in view of the fact that the note sued on was not made part of the original petition, but merely annexed thereto, it should not be required to answer, but, in the alternative, pleaded the want of authority of its president, J. L. Mahoney, to borrow the money from the plaintiff bank, and that, in so far as it was concerned, the note was without consideration, none of the money represented by the note having been received by it. The other defendants also answered that they should not be required to plead in view of the fact that the note was not made part of the petition and, in the alternative, set up want of consideration.

Upon the trial of the case objection was made to the offer of the notes sued on upon the ground that "there are no allegations in the petition which permits the offer, or occasions the basis for the offer." The objection was referred to the merits and the case submitted on behalf of all parties, no effort being made by defendants to prove their plea of want of consideration, or other defense.

Judgment was entered for plaintiff, as prayed for, and the defendant J. D. Mahoney Transfer Company, Inc., alone appealed.

The position of appellant is that plaintiff's petition, having failed to state a cause of action because "there is not one line which would acquaint the defendant, or any other person who may read the nature, kind, date, date of payment or amount, or any kind of description whatsoever which would identify the note alleged to be sued on, nor is the note alleged to be sued on at all described or made part of any allegation in the petition," its pleadings are defective, and cannot be cured by evidence administered over defendant's objection. Calumet Baking Powder Company v. Fazende, 3 Orleans App. 282.

The petition, without the note, is almost barren of allegation and certainly inadequate in view of the requirements of Code of Practice, article 172, to the effect that "the petition must contain a clear and concise statement of the object of the demand, as well as of the nature of the title, or the cause of action on which it is founded."

It is conceded that, if the petition had stated that the note annexed was made part of the petition, there would have been no question of its amplifying the petition, which would then be unobjectionable, but, it is said, annexing a document and mak-

ing it a part of the pleadings is a totally different thing. Plaintiff's counsel, referring to this contention, says that when documents are annexed to a petition they form part of it without the necessity of any allegation to that effect. He cites in this connection articles 174, 175, and 176 of the Code of Practice.

In the early case of Gray v. Commercial Bank of New Orleans, 1 Rob. (La.) 533, which was a suit on bank notes issued by the defendant, which were annexed to the petition, it was held that "although not made a part of the petition, they [the notes] might be referred to, with a view of enabling the defendants to shape their defence."

In D'Invilliers v. Second Municipality of New Orleans, 5 Rob. (La.) 123, the court said:

"An exception to the sufficiency of the description in the petition of the notes sued on, will be overruled, where the notes themselves are annexed to the petition for reference." (Syllabus.)

In Lockhart v. Morey, 41 La. Ann. 1165, 4 So. 581, 582, an account annexed to a petition "for reference" was held sufficient, because it "stands as an amplification of the petition, and justifies the admission of proof in support of the items figuring upon it."

In J. B. Camors & Co., Inc., v. Crescent Grocery Co. et al., No. 9340 of this court, decided November 12, 1923, Opinion Book No. 65, unreported [see Louisiana and Southern Digest], it was decided that the failure to make certain annexed documents a part of the petition could not be made the subject of an exception of no cause of action since "the note, being annexed to the petition, required no description."

Guillot v. Wilhelm Moss Co., 5 La. App. 749, was a case holding that:

"Where a petition contains an allegation of a contract, the contract being attached to the petition * * * an exception no cause of action is properly overruled."

But, in C. Lee McMillan & Co. v. Mills, 3 La. App. 9, it was held that the filing of a document with the petition, without annexing it, or making it a part, was insufficient.

Also, in Tremont Lumber Co. v. May, 143 La. 394, 78 So. 650, the court held that documents annexed to and made part of a petition are considered as read in the petition, but that documents cannot be considered as amplifying the petition which are merely made part by reference. In this case the document in question was an assessment roll, which was not filed with the petition, but simply referred to.

In Carr v. Crow, 10 La. App. 237, 120 So. 783, documents "attached" to the petition were considered as a part thereof.

From the foregoing it appears that the jurisprudence is not altogether harmonious, but its weight is clearly to the effect that the mere annexing of documents is sufficient to make them part of a petition. In the case at bar the effect of maintaining an exception of no cause of action based upon insufficiency of allegation would be to remand the case to permit additional averments. In view of the fact that the case has been tried upon its merits, with the note in evidence, and an opportunity for defense afforded, we would not be inclined to send it back for further trial. Happily, however, there is, we believe, ample authority for the action of the trial court in overruling the exception of no cause of action, and its judgment to that effect will, for the reasons herein given, be affirmed.