KOORIE, Judge ad hoc.
Plaintiff, a corporation engaged in the roofing business in New Orleans, has appealed from a judgment dismissing, as in case of nonsuit, its suit against defendant for an amount alleged to be due for work done in connection with the installation of a roof and gutters on a building belonging to defendant.
The suit was dismissed on an exception of no cause of action filed during the trial by defendant, based on the contention that from the petition of plaintiff it cannot be determined whether the claim is based on a contract or on “quantum meruit.”
Plaintiff alleged that it had entered into a written contract with defendant for the installation of a roof on a building of defendant for the price of $339, and for the installation of certain gutters for a price of $86, and for certain termite guards for a price of $45. Plaintiff then alleged that before the work could be completed, it was ordered by defendant to discontinue the work and to send a bill for the work which had been done up to that time. He then alleged that he estimated the work which had been done as worth $192.95, and that he then sent the defendant a bill for that amount. He next alleged that when defendant failed to pay this bill, he deemed it necessary to protect his claim by the filing of a lien, and that he did so at a cost to him of $6.50. He then prayed for judgment for $199.45 made up of the amount alleged to be ¡due for the work done and the amount necessarily expended for the recordation of the lien.'
Defendant answered, denying some of the allegations of the petition, but admitting that there had originally been a contract and that plaintiff had performed certain work under that contract, and that, when the work was stopped by agreement between the parties, the value of the work which had been done was $107.50. He tendered this amount to the plaintiff and alleged that he had previously made formal tender thereof.
We fail completely to see the slightest reason for the dismissal of the suit on the ground that it cannot be determined whether the claim is one in contract or on quantum meruit. Plaintiff very plainly alleges that, although originally there had been a contract, it was terminated by mutual consent, and it was. agreed that plaintiff was to be paid on a basis of the value of the work done, — in other words, on a “quantum me-ruit” basis.
Defendant, in his answer, admits that plaintiff performed part of the contemplated work, but avers that when it was claimed that an extension of the roof was not a part of the original contract and plaintiff refused to continue the work until defendant would agree to pay an additional $55 for the work on this extension, it was mutually agreed that the contract would be terminated. Defendant further averred that at this time he had made an estimate of the work already done and that, as a result, he concluded that plaintiff was entitled to $107.-50.
At the trial plaintiff produced its president as its first witness for the purpose of testifying as to the amount which was due when the contract was terminated. At that stage of the proceedings defendant filed a written exception of no cause of action and his counsel stated that he knew what the following questions would be and that he therefore objected to all evidence which might tend to enlarge.the pleadings on the ground that the suit , as filed was based on a contract whereas the evidence which was about to be introduced would be in support-of a claim on a “quantum meruit”. This exception was then sustained and the suit, *419 as we have said, was dismissed as in case of nonsuit.
Plaintiff, in its brief and argument, contends that its action is based on a quantum meruit, and its averment, that the work done was well worth the sum charged, met the essential requirements of a cause of action based on quantum meruit.
Defendant argues that plaintiff’s action is based on a new contract predicated on defendant’s request for a bill; that the alleged new contract had not been accepted by him, and that plaintiff should have alleged to what extent defendant was enriched by plaintiff’s work. He urged that plaintiff should have itemized the amount and the value of the material and labor which went into the work and the amount of the profit he expected and that such profit was reasonable.
Defendant’s action in ordering the work stopped was the exercise of a right conferred upon him by Article 2765 of the LSA-Civil Code, reading as follows:
“The proprietor has a right to cancel at pleasure the bargain he has made, even in case the work has already been commenced, by paying the undertaker for the expense and labor already incurred, and such damages as the nature of the case may require.”
 Unquestionably, plaintiff’s cause of action for the work performed came into existence the moment defendant ordered the work stopped. Such a right of action is authorized by Article 2765, LSA-Civil Code, supra. The averment in the petition ■that the defendant had requested a bill for the work performed was not essential to its cause of action. Such an averment added nothing to, nor did it abrogate plaintiff’s cause of action. It cannot be construed as an averment that there was a new contract. The defendant’s rejection of plaintiff’s bill could not, in. the least, affect plaintiff’s cause of action to be paid for the work performed. Defendant’s action in requesting a bill was in effect an admission of liability for such work as had been performed and was consistent with the provisions of the codal article, supra.
The mere fact that plaintiff sets out the original contract in its petition does not necessarily constitute such as its cause of action. Guillot v. Wilhelm Moss Co., 5 La.App. 749.
Plaintiff’s allegation that the work performed was well worth the sum charged, though meager, is sufficient to maintain its cause of action on a quantum meruit. The work was performed at the request of the defendant.
. Viewing defendant’s argument in its broadest aspect we are constrained to hold that his exception is, in effect, essentially an exception of vagueness and was not sufficient to effect a dismissal of plaintiff’s petition. It was more properly addressed to the form of the pleading rather that to the substantive allegation necessary to maintain a cause of action. Plaintiff’s petition should not have been dismissed on such an exception when defendant admits, in his answer, that work was done; that it was worth only $107.50, and that he had repeatedly tendered this amount to plaintiff.
The tendency of modern practice is to permit an amendment of the pleading under such circumstances. In Ascano v. Macaluso, 9 La.App. 354, 120 So. 506, 507, this Court quoted from Guillot v. Wilhelm Moss Co., supra, as follows:
“ ‘Amendments to pleadings are fa-yored by jurisprudence when they tend to end litigation and accomplish justice.’ Triggs v. George, 4 La.App. 419; Aaron & Son v. Keyser, 2 La.App. 649; Jones v. Texas & Pacific Railroad Co., 11 Orleans App. 316.”
See, also, Gill v. Citizen, La.App., 63 So.2d 24.
The sole issue involved in the Ascano case was merely one of quantum and not as to whether plaintiff had sufficiently alleged a cause of action.
For the reasons assigned the exception of no right and no cause of action is overruled and the judgment appealed from is annulled, avoided and reversed, and it is now ordered that this cause be remanded to the First City Court of New Orleans for further proceedings consistent with the *420 views herein expressed; appellee to pay the costs of this appeal, all other costs to await the final determination of the matter.
Reversed and remanded.
McBRIDE, J., absent.