GLADNEY, Judge.
The plaintiff herein brought suit against Plenry Johnson and his wife, Mary D. Johnson, to recover a balance claimed for services rendered in moving a house. A defense to the merits of the claim was made by Henry Johnson, who denied the confection of the contract and further denied that he authorized his wife to enter into such an agreement. Pleading alternatively, he set up in his answer a demand in reconvention for damages to the property allegedly inflicted by the plaintiff. Exceptions of no cause and no right of action were filed in limine on behalf of each defendant. The trial court sustained the exceptions of no cause and no right of action filed on behalf of the defendant, Mary D. Johnson, overruled the exceptions filed by Henry Johnson, and rendered judgment in favor of plaintiff for the sum of $300. From the decree so rendered, the defendant has appealed.
Plaintiff alleged that during the month of November, 19S4, he contracted with the two named defendants to render services in moving a house to a new location in Monroe, and such services were performed prior to December, 19S4. The petition refers to the contract as being attached thereto. A further allegation is that the defendants paid $300 on the total contract price of $600 and have failed to pay the balance of $300 which sum is the amount involved in the suit. Upon reference to the document designated as the contract between the parties attached to plaintiff’s petition, we find it principally relates to an agreement between J. T. Williams for the sale of a house to Mary D. Johnson for a named *849 cash amount. An added stipulation provides :
“This house is to be removed from the premises by contract for the sum of $600.00 which Mary D. Johnson also agrees to pay the contractor, Worley Wrecking and Moving Company, G. O. Worley, owner and the time granted for such removing shall be not longer than October 20, 1954.”
The words “Worley Wrecking and Moving Company, G. O. Worley, owner” have a line drawn through them, as if deleted. Testimony fails to offer an explanation as to the deletion, but on the margin of the agreement appears the notation: “Agreed to, George Conley, Monroe, La.”
The defendants filed exceptions of no cause or right of action without specification of the grounds therefor, after which plaintiff filed a supplemental and amended petition which sets forth that the agreement between the respective parties herein sued upon was verbally entered into. Further exceptions of no cause or right of action were filed by the defendants, predicated upon objections to the filing of the supplemental petition as changing the issues in the case. Thereafter, defendants filed separate answers in which the existence of the contract was denied and a re-conventional demand alleged for the sum of $500 as damages sustained by the house in its moving. Upon these pleadings the case went to trial without the court a quo having passed upon the exceptions. Later, the exceptions filed by Mary D. Johnson were sustained.
Counsel for plaintiff has "taken no appeal from the judgment dismissing his claim against Mary D. Johnson, and asserts in his brief that the judgment is correct to that extent. Therefore, we are concerned herein only with the liability of the defendant, Henry Johnson, for the obligation sued upon.
Before this court counsel for the appellant urges, inter alia, for our consid-eration, first, two bills of exceptions in due and proper form, numbered One and Two respectively, relating to first, the exclusion by the trial court of a duplicate of the contract attached to plaintiff’s petition, and second, a letter written by the attorney of the appellant to Conley, advising him of items of damage sustained by the house during the moving. The manner in which these rulings are presented to an appellate court is not sacramental. We note, however, that in order to preserve the right of review of the ruling of the trial judge pertinent to evidence in civil trials, it is unnecessary to reserve bills of exception leveled at such rulings. Article 489.1 of the Code of Practice sets forth the procedure which has been in effect since its enactment in 1908. The article reads:
“Hereafter in civil cases it shall be unnecessary to reserve any bill of exception, or note in lieu thereof, to any ruling by a trial judge upon admissibility or competency of any evidence tendered in a cause, but it shall suffice that the stenographic notes taken at the trial shall show that evidence was tendered and objected to, and shall set forth the nature of such evidence and ground of such objection, and the ruling of the court thereon; and any such ruling shall be reviewable on appeal without the necessity of further formality.”
We have considered the propriety of the rulings complained of and are fully in accord with the action taken by the trial court. The document attached to the bill of exceptions No. One, when offered in evidence, was already in evidence, being a duplicate of the document attached to plaintiff’s original petition. Furthermore, its contents were fully evidenced through the testimony of various witnesses upon the trial. We think the admission of the document so excluded could only have been cumulative in its effect. The document attached to bill of exception No. Two was excluded by the judge a quo as being self- *850 serving in its nature. A mere perusal of the letter indicates the correctness of this ruling. We observe each of the defendants was available as a witness to give testimony with respect to each item of damage claimed in support of the recon-ventional demand. Manifestly, the exclusion of the document could not result in prejudice to the rights of Henry Johnson.
Counsel for appellant contends that forasmuch as plaintiff rested his claim on a written contract filed with the original petition, he is without right to file a supplemental petition, and thereby change his claim allegedly resting upon a written contract to a claim based on a verbal agreement. We disagree with the argument of counsel. Amendments to a petition are permitted by Code of Practice article 419, which provides that: “'After issue joined, the plaintiff may, with the leave of the court, amend his original petition; provided the amendment does not alter the substance of his demand by making it different from the one originally brought.” In a comparatively recent case by the Supreme Court, Breaux v. Laird, 1956, 230 La. 221, 88 So.2d 33, at pages 37 and 38, the application of this article was considered in the following apropos language:
“It is well settled in our jurisprudence- that amendments to pleadings should be permitted where they tend to further justice, cause no injury and are without prejudice to the right of the other party. Should the other party plead surprise, he may obtain time to prepare adequate defense. Our modern-day tendency is to relax the technical rules of pleading in order to arrive at the truth, afford a litigant his day in court and avoid a miscarriage of justice. This court has consistently recognized the right of the plaintiff to amend his petition with the leave of the court, after issue joined, provided the amendment did not assert a demand different from the relief first sought or change the substance of the demand. Code of Practice Article 419; Coleman v. Continental Bank & Trust Co., 139 La. 1078, 72 So. 742; Ruiz v. American Trading Co. of New Orleans, 167 La. 28, 118 So. 597; Seale v. Stephens, 210 La. 1068, 29 So.2d 65; Messersmith v. Messersmith [229 La. 495], 86 So.2d 169.”
It is apparent from a careful reading of plaintiff’s petition that it was not the intention of petitioner to declare upon a written contract, but rather that the instrument referred to was included by reference and pertinent to an oral agreement, and this interpretation is confirmed in the testimony adduced upon the trial of the case. The supplemental petition produced no substantial alteration of plaintiff’s demand, but on the contrary, we think the amendment to the original petition merely clarified an ambiguity in the original petition. The action of the trial coui-t in permitting full consideration of the supplemental and amended petition was proper.
The . substantial issues presented on the appeal are the existence vel non of the contract and the sufficiency of the proof tendered in support of defendants’ recon-ventional demand.
Johnson and his wife both deny any contract was created, supporting their denials with their own testimony that a written contract was contemplated but never entered into, and no complete understanding was had as to the terms of an agreement. The testimony, as a whole, is in conflict but the preponderance of the evidence fully supports the finding of the district court that such a contract was created.
George Conley testified that in the presence of Robert Manyweather and Henry Johnson, Mary Johnson on their second meeting, agreed with him to take over the contract she had previously signed, which provided for the moving of the house by C. O. Worley for $600. He testified it was understood between them that he would be *851 required at his expense to take off the roof and remove the chimneys before moving it and after its removal place the house on new foundations. He said he completed the job on the 18th or 20th of November, 1954, and that subsequently he was paid $300 by the defendants through John T. Williams. John T. Williams testified Mary Johnson told him that George Conley was to move the house under the same provisions as the Worley contract, for $600 and that Mary Johnson paid him $300 in reimbursement of a sum paid Conley on the contract. Robert Manyweather confirmed the agreement concluded between Conley and the Johnsons, but was unable to remember any details. C. O. Worley testified that Mary Johnson asked him if George Conley could take over his contract, and he further testified that under his contract the Johnsons would have to replace the roof and move certain trees at their own expense. Against this evidence, which, in our opinion, substantiates the agreement claimed by Conley, Henry Johnson and his wife testified that it was contemplated the parties would reduce the contract to writing. He admitted his wife paid $300 on the contract and that he was present during the discussion between George Conley and his wife, and he made no objections thereto. He simply takes the position that his wife made the agreement for herself without objection on his part.
Manifestly, Henry Johnson cannot remain silent when Conley was to his own detriment undertaking to move a house at the request of his wife and then assume for convenience a different position as the master of the community by refusing to permit the community to be bound because he did not openly consent thereto. Under such circumstances consent will he implied under the provisions of LSA-C.C. Article 1766, which reads:
“No contract is complete without the consent of both parties. In reciprocal contracts it must be expressed. In some unilateral contracts the law provides that under certain circumstances it shall be presumed.”
We are not unmindful that in everyday life the wife usually does the greater part of the buying for the community and instances are legion where such contracts as this are entered into by the wife in which the husband may or may not have full knowledge. If he objects to such an undertaking and intends that the community shall not be bound, it is incumbent upon him to speak up. In the instant case where Johnson sat by with full knowledge of the transaction between his wife and Conley and then allowed the performance thereof to go forward without in any wise indicating his opposition, it was too late for him to urge his disapproval. We think in the instant case the community is responsible and Henry Johnson was properly cast in judgment.
Appellant does not seriously urge before this court the correction of the judgment rejecting the reconventional demand. The record is void of any evidence in support of this demand upon which any judgment of liability can be resolved. We find no error upon this ruling by the trial court.
It follows from the reasons hereinabove stated that the judgment from which appealed must be affirmed in all respects at appellant’s cost.