### THOMAS POWELL *v.* JOSEPH A. GRAVES.

A reconventional demand, although filed at the same time with the answer, and in the same paper, is not a part of the answer.

The Article 2700 of the Civil Code, declaring that judicial admissions cannot be divided, does not apply to admissions in pleadings.

Where the defendant has set up a reconventional demand and neglects to prosecute it, he cannot allege as error, that the judgment of the court below did not pass upon his demand.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.
*Mott & Fraser*, for plaintiff. *Gaither & McPheeters*, for defendant and appellant.

BUCHANAN, J. This case has been already before this court (9 An. 435) and was remanded for a new trial, upon a bill of exception to the rejection of evidence offered by defendant, in support of the defence of fraud and want of consideration for the bill of exchange sued upon, contained in the answer. The alleged fraud was also the subject of a reconventional demand for damages, charged at $2,200, appended to the answer. On the return of the cause to the District Court, it was regularly assigned and tried; counsel of record for defendant not present. Plaintiff offered in evidence the draft sued on, and the answer of defendant filed in this suit on the 18th of December, 1852. No evidence was offered for defendant. Judgment having been rendered in favor of plaintiff for the amount of the draft, defendant has appealed.

His counsel argues, that the offer of defendant's answer by plaintiff, made everything contained in that answer, evidence against him; and, consequently, that the judgment ought to have been in favor of defendant for the amount of his reconventional demand against plaintiff. This argument takes for granted, that

the reconvention was part of the answer. But this is not so. Although filed at the same time with the answer, and in the same paper, the reconvention was an incidental demand, or cross-action, instituted by defendant against plaintiff, in consequence of the action which plaintiff brought against him, defendant. C. P. 362, 363, 374.

And although defendant had the option, under our practice, of pleading this cause of action and of asking judgment upon it against plaintiff, either in his answer to plaintiff's suit, or by a distinct and separate suit, (C. P. 377,) yet it is not on that account to be confounded with the answer; which properly only consists of the pleas tending to the rejection of the plaintiff's demand, and not of such as have for their object to establish a claim against plaintiff in favor of defendant. C. P. 179, § 4; 319, § 2; 362.

Considered in this light, the answer offered in evidence by plaintiff, consisted of an admission of the execution of the draft, and an allegation of want of consideration for the same, by reason of false and fraudulent representations of plaintiff, which were the cause of the draft being made. Now, it is well settled that the Article 2700 of the Code, declaring that judicial admissions cannot be divided, does not apply to admissions in pleadings. 18 La. 6 ; 4 Rob. 144.

The burden of proof of fraud and error in this contract, was upon defendant; failing to prove which, he is bound as alleged in the petition.

It is alleged as error by appellant's counsel, that the judgment of the District Court did not pass upon defendant's reconventional demand; and we are asked to remand the cause for a new trial upon this ground. The District Court did not err. The defendant cannot be allowed to take advantage of his own neglect to prosecute his reconvention, in order to delay the plaintiff in the recovery of his debt, evidenced by the draft on file.

Indeed, the judgment in favor of plaintiff substantially disposes of the cross-action, which has for its basis the defence set up to the action of plaintiff. That defence having failed, there would seem to be an end of the cross-action or reconvention.

Judgment affirmed, with costs.