## No. 8644.

## JOHN FRANK VS. F. HOLLANDER.

A party who undertakes an agency for the sale of mineral waters, for which he binds himself at a stipulated price, is not liable for the payment of a consignment of such goods shipped subject to his order by his principal, in the absence of an order for such consignment from the agent.

A plea in reconvention must be established with legal certainty. Hence, a party who receives a consignment of perishable goods, without examination and inspection at the time of delivery, and who discovers two months later the inferior quality or damaged condition of the goods, cannot recover in reconvention the price paid for such goods, by the reason of his failure to learn the damaged condition of the goods when delivered.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

---

*Braughn, Buck & Dinkelspiel* for Plaintiff and Appellee:

1. The proposition as well as the assent to a contract may be express or implied. R. C. C. 1811; 19 La. 286.

2. Where merchandise is sold by a sample, the extent of the warranty is limited to the condition of the article sold at the time of the sale. 19 An. 11.

3. Where the commodity is by its nature subject to change or deterioration, and no fraud or concealment is shown, the buyer must show that the defect or deterioration existed at the date of the sale; or show that it was discovered as early as it was practicable to make an examination. 19 An. 11.

4. Where it is shown that casks of mineral water cannot be transported without some breakage of the jugs, held: that these circumstances have entered into the contract; and where the actual breakage is not beyond what is usual, the vendee cannot refuse to receive the property and rescind the contract. 1 McGloin, 193.

5. Where defendant positively refused to accept the consignment, no putting in default was necessary, as the law does not compel a person to do a vain thing. 3 La. 385: 14 An. 401 1 McGloin, 151, 193.

*W. S. Benedict* for Defendant and Appellant.

The opinion of the Court was delivered by

Poché, J.   The object of plaintiff is to enforce the specific performance of an alleged contract entered into by defendant, according to the terms of the following instrument :·

"NEW ORLEANS, February 4, 1879.

"*F. Hollander, Esq., present :*

"DEAR SIR—I beg herewith to transfer to you my agency for the sale of a mineral water known as the Wilhelm Spring Mineral Water, in Kronthal, near Frankfort-on-the Main, Germany, and on the following conditions, viz :

Price for case of 50 quarts, marks......................16 23
     "     "    100 pints,     "   ......................22 55

to be delivered free of charges to the port of Rotterdam ; insurance to be effected by you.   Consular and other incidental expenses to be added on invoice, and I·will draw on you for amount of invoice at date of bill of lading, at thirty days' sight.   Drafts to be paid in U. S. currency, at the current rate of exchange for marks on the day of maturity.   Your agency will extend to the States of Louisiana, Mississippi, Alabama, Texas and Arkansas ; and I furthermore bind myself not to appoint any other agent or sub-agent for the sale of this mineral water in the herein mentioned States, you binding yourself to order no less than two thousand cases of said mineral water per year.   These conditions to be in full force for one year from date.·  Either party must give the other ninety days' notice prior to expiration of year, of any changes in the within conditions, otherwise this agreement remains in full force and effect.

"Awaiting your acceptance of the within agreement, I remain,

"Yours, respectfully,

"JOHN FRANK."

As it appears that the instrument was not signed by Hollander, plaintiff avers that the former verbally accepted the ·contract thus tendered, and partially executed the same by ordering, receiving and paying for two consignments of five hundred cases each of the mineral water in question.

It is then charged that, in violation of his contract, and in utter disregard of his order for a third consignment of five hundred cases of water, the defendant refused to receive and pay for such consignment, which amounts, with charges, to $2,253.28, for which sum judgment is asked against him, and was granted by the lower court.   Defendant denies the execution of the contract as charged by plaintiff, and avers that he accepted the agency tendered to him by plaintiff under some of the conditions enumerated in the instrument above transcribed, but denies that he bound himself to order and receive at least two thousand

cases of the water per year, and he denies to have ordered the said third consignment, for which he disclaims any liability or responsibility.

Averring that the water of the second consignment was of a very inferior quality, entirely different from the water of the first consignment, or from the sample on which he had stipulated with plaintiff; that said second consignment consisted of water absolutely unmerchantable, which was in a great measure returned to him for that reason by his customers, defendant pleads in reconvention the amount which he had disbursed on account of said second consignment.

After a careful analysis of the evidence, which is very conflicting, we are satisfied that the defense is fully sustained on the following points:

1. That the defendant did not bind himself under all the stipulations of the written contract tendered to him by plaintiff, and that he positively declined the engagement to order and dispose of at least two thousand cases of water per year, and that in other respects he accepted a verbal contract containing all the other stipulations enumerated in the above mentioned written instrument.

2. That he did not order the third consignment, but that, on the contrary, he gave special directions to plaintiff's agent in this city not to make any consignment after the second, until further orders from him. Hence, we conclude, that he is not and cannot be held liable for said consignment, and that the lower court erred in holding him to the same.

The fact that the water was not consigned directly to defendant, but that it was shipped to plaintiff's agent and commercial partner in this city, and the additional fact that the water was stored in the name and at the cost of the house of John Frank & Co., composed of plaintiff and of his said partner, followed by the very significant fact that plaintiff's said agent and partner took out of the lot some twenty cases of water of the last consignment, after he had stored the same, and disposed of them by sale and otherwise, are circumstances which point directly to the correctness of defendant's position in his defense.

On the plea in reconvention we gather the following facts from the record:

The second consignment was received and accepted by the defendant in August, 1879, and the water was not examined or tested by him at the time of delivery. He began using that water two months later, when several cases were found to be of inferior quality or deteriorated. The evidence shows that all these mineral waters are very much affected by heat and other climatic influences.

Hence, we are not positively informed by the evidence whether the

inferior quality of the water, at the time that it was delivered to defendant's customers, must be attributed to defective packing or original inferior water, or to natural causes of time and climatic influences. The weight of evidence supports the latter theory, in which case defendant would not be entitled to relief. But be that as it may, on his reconventional demand it was incumbent on defendant to make out his case with legal certainty, and in default of an examination of the goods at the time of delivery, he has completely lost his opportunity to substantiate his charge, that the water was unmerchantable when delivered to him and received by him.

Hence, his reconventional demand cannot be sustained.

The judgment of the lower court is, therefore, affirmed in so far as it rejects defendant's reconventional demand; and it is reversed in all other respects. It is, therefore, ordered that plaintiff's demand be rejected and his action dismissed at his costs in both Courts.

Rehearing refused.