(46 South. 206.)

No. 16,778.

BREAUX BRIDGE LUMBER CO., Limited,
v. HEBERT et al.

(March 30, 1908. Rehearing Denied April 27, 1908.)

1. PARTIES — JOINDER—TRESPASS—JOINT AND SEVERAL LIABILITY—PRESUMPTION OF SEPARATE LIABILITY.

In an action for trespass against two defendants, where nothing in the petition shows that the defendants were joint trespassers, an exception of misjoinder will be sustained.

2. PLEADING—CONSTRUCTION AGAINST PLEAD-
ER.

    Solidary liability is not presumed, and
pleadings are construed against the pleader.
    [Ed. Note.—For cases in point, see Cent. Dig.
vol. 39, Pleading, § 66.]

(Syllabus by the Court.)

Appeal from Nineteenth Judicial District
Court, Parish of St. Martin; James Simon,
Judge.

Action by the Breaux Bridge Lumber Com-
pany, Limited, against Edward Hebert and
another. Judgment for defendants, and
plaintiff appeals. Affirmed.

Martin, Voorhies & Martin, for appellant.
James Edmond Mouton, for appellees. Fran-
cis Ernest De Lahoussaye, amicus curiæ.

PROVOSTY, J. The plaintiff company
brings this suit against two defendants in
trespass. It is not possible to ascertain from
the petition whether it is claimed that in
their alleged trespass the defendants acted
together or separately. The allegation is
simply that they have trespassed upon plain-
tiff's land by cutting down and removing
timber. The prayer is simply for an injunc-
tion, and for judgment against the defend-
ants for $1,000, with nothing said as to
solidary liability.

The court sustained an exception of mis-
joinder, based on the failure of the petition
to allege that the defendants were joint tres-
passers, or even to pray for judgment against
them in solido; so that, for all that appears,
defendants may have been separate, and not
joint, trespassers.

Solidary liability is not presumed, and
pleadings are construed against the pleader.
The pleader is presumed to have made his
pleadings as strong as he could. 4 E. of P.
& P. p. 746. The presumption is, therefore,
that the defendants were separate trespass-
ers; and, such being the case, they were
improperly joined in one suit.

Judgment affirmed.