(Court of Apeal, Parish of Orleans).

## CITY OF NEW ORLEANS, ET AL. vs. W. H. HOW-COTT ET AL.

### ON MOTION TO DISMISS.

An appeal will not be dismissed for lack of jurisdiction ratione materia where the appellant in an affidavit accompanying his motion for an appeal fixes the value of the matter in dispute at an amount sufficient to confer jurisdiction in the appellate court.

### ON THE MERITS.

Where from a fair construction of a petition as a whole it does not appear that the defendants in a possessory action are affirmatively charged as joint trespassers, an exception of misjoinder of parties defendant is properly sustained and the suit dismissed

Motion to dimiss denied and judgment affirmed.

Appeal from the Civil District Court, Division "B."

G L. Dupre and J. F. C. Waldo, for plaintiff and appellant.

J. J. McLoughlin, C. J. Theard, Favrot & Friedrichs, W. W. Wall, for defendants and appellees.

Hall & Monroe and A. Voorhies, attorneys.

### On Motion to Dismiss.

GODCHAUX, J.—The motion to dismiss is founded upon the alleged failure of the record to disclose the amount or value of the matter in dispute, namely, the right of possession. In an affidavit accompanying the motion for an appeal, appellant deposes that this amount exceeds $100, and, although seasonably advised of the

filing of this affidavit appellees have failed to challenge its truth by counter affidavit or otherwise.

Under these circumstances we must maintain the appeal.

### State Ex. Rel. Scares vs. Hebrew Congregation, 31 An. 205

The motion to dismiss is accordingly denied.

### On the Merits.

In this possessory action each of the defendants filed an exception of misjoinder of parties defendant to plaintiff's original and supplemental petitions and the present appeal was taken from a judgment maintaining this exception and dismissing the proceeding.

The allegations of these petitions, so far as pertinent to a consideration and determination of whether or not the exceptions were properly sustained, are as follows:

"That your petitioners are the owners in indivision of the following described property situated in the City of New Orleans and described as follows:

"A certain tract of land, * * * which tract has been subsequently subdivided into squares and portions of squares, * * *

"* * * that one William H. Howcott, acting for himself and as an officer of the Quaker Realty Co., Ltd., and one Miss Edith Howcott, all of this city, pretending to be the owners of a part of the said tract, disturbed your petitioners in the enjoyment and possession of the same, by tearing down the fences and enclosures erected by your petitioners' around the said property, and by erecting or attempting to erect other fences and obstructions around a part of the said properties in lieu of petitioners' fences and enclosures, and by threatening with prosecution, the agents, employees and repre-

— 55 —

sentative of your petitioners whom they placed upon the said property.

"* * * that the actions of said defendants in disturbing your petitioners was by force and fraud, and done with full knowledge of petitioners' title and possession.

"Now your petitioners * * * desire to be restored to and maintained in the possession of the said property, and particularly the parts thereof from which the fences and other inclousres have been torn down and destroyed by defendants.

"That defendants * * * are actually trespassing upon petitioners' property, and, are by themselves and their agents, threatening and intimidating petititioners tenants, and attempting to drive said tenants off the property, and so deprive petitioners' tenants of the use and enjoyment to which as lessees they are entitled, and so depriving petitioner of his rents and revenues therefrom."

While the true meaning and intention of a petition are to be gathered from a consideration of the pleading as a whole and not of isolated passages therein, still it is well established that the allegations should be strictly construed against the pleader in cases where the terms employed render doubtful the meaning intended to be conveyed thereby.

In order to be entitled to join the present defendants in one suit the plaintiff should, by affirmative allegation, show that the trespasses in question were jointly committed, that is, that there existed, on the part of defendants some unity or combination of action or of purpose, a common interest. Such a showing is nowhere exhibited in the present instance, for it cannot necessarily be inferred from the allegations of the petition that the defendants conspired or acted together; nor that they had

— 56 —

a common purpose in view, nor that their acts were in vindication of a common claim of ownership in indivision or from a common author; nor that each was a party to the several acts of trespass complained of, nor even that defendants' trespasses were committed upon particular squares or parts of squares in which they all claimed a right of ownership.

"Solidary liability is not presumed, and pleadings are construed against the pleader. The pleader is presumed to have made his pleadings as strong as he could. 4 E. of P. and P., p. 746. The presumption is, therefore, that the defendants were separate trespassers; and, such being the case, they were improperly joined in one suit."

Breaux Bridge Lumber Co. vs. Hebert, 121 La. 188.

The allegations of the petitioners are insufficient to charge defendants as joint trespassers and consequently the exception of misjoinder was properly sustained.

Appellant further complains that the effect of sustaining the exception should not have been the dismissal of the suit; but a recent decision which, on principle cannot be distinguished from the present case, is directly opposed to such a contention:

"We should be disposed to adopt the suggestion as made, if it were practicable, but we do not find it so, since the judgment appealed from holding that the suit is multifarious, like the exception on which it is based, has the same application to one group of defendants as to another, and as the trial judge could not have discriminated by dismissing the suit as to one group and allowing it to stand as to the others, neither can this Court so discriminate."

Davidson vs. Frost-Johnson Lumber Co. et als., 126 La. 52; (Southern Reporter 761).

The judgment maintaining the exception and dismissing the suit is correct and is accordingly affirmed.

November 21, 1910.

————o————

5172.

(Court of Appeals, Parish of Orleans).