LECHE, J.
Plaintiffs appeal from a judgment maintaining an exception of no cause of action.
Their petition alleges substantially that they are the sole heirs of Octavia Fitz who died intestate; that Octavia Fitz was thé sole heir of Jean Joseph Fitz, who also died intestate, and who owned at the time of his death a certain tract of land situated in the parish of St. Tammany, as evidenced by patent from the United States government recorded in C. O. B. “K,” page 566.
They further allege that defendant now claims the said property; that its pretended titles are null; that it has cut timber on the said property to the value of $---, which petitioners are entitled to recover. Wherefore they pray for judgment recognizing them to be the owners of said property, forever quieting them in the possession thereof, etc.
[1,2] The exception of no cause of action is aimed at the failure of plaintiffs to specially allege that they own the property and that defendant is in possession of the same.
The recital in their petition of the nature of their title and the prayer to be recognized as owners stamp the action of plaintiffs as petitory in character.
The petitory action may only be instituted by one who claims as owner. C. P. art. 44; Caze v. Robertson, 14 La. Ann. 232. While the law requires that the petition must contain a clear and concise statement of the nature of the demand as well as of the nature of the title, or the cause of action on which it is founded (C. P. art. 172), and while the law is also to the effect that ambiguous pleadings are always construed against the pleader (Breaux Bridge Lumber Co. v. Hebert, 121 La. 188, 46 South. 206), yet where a petition in a petitory action is not reasonably susceptible of any other interpretation than that the petitioners claim the ownership of the property in dispute, thus fully apprising the defendant of their cause of action, such a demand should not be dismissed on an exception of no cause of action, even in the absence of a specific allegation that petitioners are the owners of the property.
“Verbal precision is not exacted and technicalities are not favored in our system of pleading. Regard is paid to the general force and meaning of the allegations, considering them all together, and when, thus considered, they present a cause of action, they should be given full effect.” Kellar v. Victoria Lumber Co., 45 La. Ann. 478, 12 South. 511.
[3] The allegation that defendant claims the property and has cut timber on the same, coupled with the implied admission flowing from the petitory character of the action, is sufficient to show that defendant is in possession.
Plaintiffs’ petition is not written with the precision and clearness which should accompany a formal demand in a court of justice, but it is not so wanting in these elements as to justify its dismissal on that ground.
It is therefore ordered that the judgment appealed from be set aside and annulled, *927 that defendant’s exception of no cause of action be overruled, and that this cause be remanded to the district court for the parish of St. Tammany, there to be proceeded with according to law.