Appellant has filed no brief; there are no bills of exception; there is no assignment of errors; there is no error apparent on the face of the record.

· The appeal therefore presents no grounds for reversal.

### Decree.

The verdict and sentence is therefore affirmed.

_____

(105 So. 225)

### No. 27294.

### STRANGE v. CARRAWAY et al.

### In re STRANGE.

(June 22, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Mandamus** ⊂═⊃43—**Mandamus will not lie to compel action which was within trial court's discretion.**

Mandamus will not lie to compel trial court to entertain jurisdiction of rule for judgment which trial court had dismissed on ground that answer, setting forth reconventional demand, and averring fraud and want of consideration to action on mortgage required jury trial and introduction of evidence; dismissal of rule for judgment being discretionary under Act No. 228 of 1924, § 1, subd. 4.

2. **Pleading** ⊂═⊃345(1)—**Dismissal of rule for judgment not abuse of discretion.**

In proceeding on mortgage, where answer set up reconventional demand, and averred fraud and want of consideration so that issues between parties were complicated and defendant had not clearly and specifically admitted any of allegations of petition, dismissal of rule for judgment on face of pleadings to extent of amount alleged admitted to be due *held* not abuse of discretion.

Proceeding by William G. Strange against Daniel W. Carraway and others on a mortgage. Plaintiff's rule for judgment on the pleadings was dismissed, and he applies for certiorari and mandamus. Writs denied.

James G. Schillin, of New Orleans, for relator.

Puneky & Barrios, of New Orleans, for respondent Carraway.

ROGERS, J. This matter is before us on a rule nisi, which issued upon the hypothesis that the issue involved was the interpretation of paragraphs 4 and 5 of section 3 of rule ·10, as amended on January 10, 1925, of the civil district court for the parish of Orleans, in reference to the method of docketing jury cases and of conducting jury trials in said court. We find, from the returns to the rule, that such is not the fact.

Plaintiff's proceeding via executiva was converted by supplemental petitions to a proceeding via ordinaria. After his exceptions had been overruled, defendant Carraway filed an answer and reconventional demand, in which he prayed for a trial by jury.

Plaintiff then ruled defendant into court to show cause why judgment should not be rendered upon the face of the pleadings to the extent of the amount which he alleged defendant admitted to be due, but not for the recognition of the mortgage, and the cause to be then proceeded with according to law to determine the other issues involved.

Plaintiff avers that, when his said rule for judgment was called for trial in Division C of the said civil district court, to which division it was originally allotted, the judge of said court, ex proprio motu, refused to proceed with the hearing on the ground that the said case had been transferred to the general jury docket, and that his division was without jurisdiction in the premises; that he then applied to the judge of Division E of said court, in which division, at the time, jury cases were being tried, who also declined to hear the rule, for the reason that the case had not been taken off the general jury docket and posted for assignment and trial before him. ·

In his application to this court relator seeks to obtain judgment as prayed for; or, in the alternative, that a mandamus be issued to the judge of Division C of the civil

district court ordering him to hear and adjudicate upon relator's said rule for judgment.

In the circumstances of this case the only relief we would feel warranted in granting to relator, if he was entitled to any relief at all, is that which is prayed for in his alternative plea. Taking up the consideration of that plea, we find that relator is in error in his appreciation of the reasons which influenced the district judge to dismiss his rule for judgment.

It appears, from the averments of his return, that the district judge did entertain jurisdiction of the rule for judgment, and that he dismissed it, not under the rule of court herebefore referred to, but because the answer set forth a reconventional demand, contained averments of fraud and failure or want of consideration, which allegations for the purpose of the trial must be taken as true (Appalachian Corporation v. Ayo, 145 La. 201, 82 So. 89), and prayed for a trial by jury; that he considered, first, the cause was to be passed upon by a jury; and, secondly, that the introduction of evidence was necessary before the cause could be determined.

[1] A plaintiff is not entitled as a matter of right to a judgment on the face of the papers. Under Act 228 of 1924, § 1, subd. 4, if the judge shall be of the opinion that the plaintiff is not entitled to such a judgment, he should dismiss the rule. No appeal lies from the judgment of dismissal.

It is plain, therefore, under the very provision of the law by virtue of which relator proceeded, that it was not the ministerial duty of the district judge to grant the judgment sought in his proceeding. The matter involved the exercise of judicial discretion. As such, it is not subject to control by mandamus. The rule is, as set forth in Dauenhauer v. Rossner, 146 La. 349, 83 So. 647:

"Whilst a superior may review and reverse the judgment of an inferior court, thereby substituting its judgment for that which it set aside, it cannot compel an officer, whose oath and obligation oblige him to decide according to the best of his ability and understanding, to render a judgment which his understanding and conscience do not permit him to approve, and which the law contemplates that he shall render with such approval, and not otherwise."

[2] It does not appear that defendant has clearly and specifically admitted any of the allegations of plaintiff's petition upon which he would be entitled to a judgment, either in whole or in part, for his claim. The issues between the parties are complicated and we do not find that the district judge acted arbitrarily in dismissing the rule for judgment so as to permit the whole controversy to be heard and determined at one time by the jury.

For the reasons assigned, the rule nisi is recalled, and relator's application for writs is denied, at his cost.