(118 So. 818)

No. 28217.

SOUTHPORT MILL, Limited, v. FRIED-
RICHS.

Oct. 29, 1928.

Paul A. Sompayrac, C. C. Friedrichs, An-
na C. McCay, and Guion & Upton, all of New
Orleans, for appellant.

Charles F. Fletchinger, of New Orleans,
for appellee.

ROGERS, J. The defendant appeals from
a judgment rendered against him on a rule
for judgment on the original pleadings.

Plaintiff's suit is for the recovery from de-
fendant of the sum of $5,000, retained by
him as a commission from the deposit of
$10,000, made to bind the agreement for the
sale and purchase of certain real estate,
which was annulled by this court in South-
port Mill, Ltd., v. Ansley, 160 La. 131, 106
So. 720.

The answer of the defendant was filed
only after his exceptions of vagueness, and
no cause of action had been overruled. When
the rule for judgment was called for hear-
ing, defendant offered to file a supplemental
answer for the purpose of amplifying his
original answer, but, upon plaintiff's objec-
tion, the offer was refused by the trial judge.

Plaintiff's petition avers its ownership of

the property in question, recites the employ-ment of the defendant as a broker, and sets out in full defendant's letter, wherein plain-tiff is advised of the sale to Mrs. Ansley, the receipt from her of $10,000, on account of the purchase price, the inclosure of defendant's check for $5,000 of the amount deposited, and the retention by defendant of the bal-ance of $5,000 as his commission on the sale in conformity with the mutual understand-ing. The petition then alleges in paragraph VII as follows, viz.:

"That petitioner accepted the check of de-fendant for $5,000.00 enclosed with his letter as aforesaid, and agreed to allow the defendant to retain the balance of $5,000.00 of the deposit made by said Mrs. Eugene M. Ansley as com-pensation for his services in securing a buyer for the property at the agreed price of $100,-000.00, payable in cash upon the execution of the usual act of sale, and which act of sale pe-titioner then believed would be made within a reasonable time thereafter, in conformity with the established custom prevailing in the City of New Orleans in reference to transactions of real estate."

The petition further sets out the putting in default of Mrs. Ansley, her refusal to cancel the inscription of the agreement of sale which she had caused to be inscribed on the conveyance records of the parish of St. Tam-many, the proceeding in the district court for the cancellation of the agreement of sale, the judgment therein, and its affirmance by this court. Then follows paragraph XIII in these words, viz.:

"Your petitioner now avers that said defend-ant having failed, under the circumstances here-inbefore set out, to secure a buyer of said prop-erty as disclosed by the definitive judgment ren-dered by the Supreme Court as aforesaid, he is without right to withhold from petitioner the sum of $5,000.00 which he has retained as a commission to effect a sale, as disclosed in the letter from said defendant to petitioner of date October 10, 1923, aforesaid."

The prayer of the petition is for citation of defendant and for a judgment against

him in plaintiff's favor for $5,000, with in-terest.

Defendant, in his answer, denied generally that he was indebted to plaintiff in the sum of $5,000, as alleged in the petition. He averred that he acted as the agent of the plaintiff in inducing Mrs. Ansley to purchase the property, and that he had earned the $5,000, which he had retained from the $10,000, that she had deposited to bind the sale. His answer to paragraph VII of plain-tiff's petition, hereinbefore quoted, is as fol-lows, viz.:

"Defendant admits the allegations of para-graph VII of the petition, except as herein modified.
"Defendant avers that the Five Thousand & No/100 ($5,000.00) Dollars which he retained had been earned by him."

Defendant's answer to paragraph XIII of plaintiff's petition, hereinbefore quoted, is as follows, viz.:

"In answer to paragraph XIII defendant de-nies the allegations therein alleged, except as hereinafter modified.
"Defendant avers that he earned the sum of Five Thousand & No/100 ($5,000.00) Dollars, which he retained in this transaction and that he performed all of his duties and obligations toward the plaintiff."

The prayer of the answer is for the rejec-tion of the demands of the plaintiff at its cost.

In his supplemental answer, which was disallowed by the court below, defendant re-affirmed his contentions that he was em-ployed by the plaintiff as its agent to make the contract with Mrs. Ansley upon a com-mission of 5 per cent., and that the cash payment made on account of the purchase price was turned over to plaintiff, upon the understanding that he was to retain $5,000 of the amount as his commission, which it was agreed he had earned in making the sale. Defendant denied that his right to the com-mission was conditioned upon the completion

of the sale. He alleged that the sale was not completed because of the unwillingness of plaintiff to proceed with it, notwithstanding that Mrs. Ansley had made a tender of the full amount due under her contract with plaintiff.

In the argument in support of the correctness of the judgment appealed from, plaintiff points out that defendant has admitted the contents of his letter to the effect that the check for $5,000, inclosed therewith, represented the difference between the amount deposited and his commission of 5 per cent. on the purchase price of the property in conformity with the mutual agreement. Plaintiff contends that defendant has specifically admitted the truth of the allegations of paragraph VII of the petition, which, according to plaintiff's construction of the language used, declares that the $5,000 was to be permanently retained by defendant as compensation for his services only in the event the sale was actually consummated. Plaintiff contends, further, that defendant, by not denying, has admitted the allegations of the petition showing that the prospective purchaser refused to take title and pay over the purchase price: that suit was filed for the cancellation of the agreement of sale and for the forfeiture of the deposit; and that the judgment of the court of first instance so decreeing was affirmed, on appeal, by this court.

But the letter of defendant and the judicial proceedings referred to in the petition speak for themselves. Defendant's admission of their existence cannot, by any stretch of reasoning, be construed as an acknowledgment on his part that he is indebted to plaintiff in the amount sued for. As a matter of fact, the meaning of the language used in the letter is a material issue in the case. Defendant framed his answer to paragraph VII of the petition on the theory, as he explains, that it was the purchase price, and not his commission, that was alleged to be paid upon the execution of the act of sale.

It cannot be denied that the language used in the paragraph is open to the construction placed upon it by defendant. Moreover, the preceding allegations of the petition seem to warrant defendant's interpretation of the averments contained in the paragraph, because they show that defendant, with plaintiff's consent, had retained his commission from the deposit made by the prospective vendee. This was admitted by defendant, and, in his answer to paragraph VII of the petition, he specifically declares that the $5,000 which he retained (as his commission) had been earned by him.

Plaintiff, in paragraph XIII of its petition, hereinabove quoted, alleges that defendant, having failed to secure a buyer in accordance with their agreement, is without right to withhold from plaintiff the $5,000 which he had retained. These allegations are denied by defendant, who repeats his averments that he earned in the transaction the amount retained by him, and that he performed all of his duties and obligations towards the plaintiff.

Defendant's exception of vagueness was overruled. If there is any ambiguity in plaintiff's petition, it is chargeable to, and must be construed against, the pleader. Breaux Bridge Lbr. Co. v. Hebert, 121 La. 188, 46 So. 206; Treadway v. Poitevent & Favre Lbr. Co., 142 La. 924, 77 So. 850. It is plain that defendant cannot be prejudiced by the ambiguous pleading. Unless he has clearly and specifically admitted the allegations of the petition, it was error to enter judgment on the pleadings. Strange v. Carraway, 159 La. 61, 105 So. 225. But we do not find this to be the case. Under defendant's theory, the pleadings raise material issues which can be determined by the court only after hearing the parties.

Our conclusion is, also, that the court below should have permitted the supplemental answer to be filed. In this particular pleading, defendant has done nothing more

than amplify his denial of the allegations of plaintiff's petition by setting forth the reasons why plaintiff should not recover. He does not change the original relief asked for, which is the rejection of plaintiff's demands. See Meyer v. Farmer, 36 La. Ann. 785.

The whole tendency of modern practice is to yield as little as possible to technicalities and afford aid to the filing of amendments as far as is consistent with substantial justice. Koerber v. N. O. Levee Board, 51 La. Ann. 523, 25 So. 415. In a doubtful case, the doubt should be resolved in favor of the amendment.

For the reasons assigned, the judgment appealed from is annulled, and it is now ordered that this cause be remanded to the court below, with instructions to allow the filing of the supplemental answer and for further proceedings consistent with the views herein expressed. Plaintiff and appellee is to pay the costs of this appeal; all other costs are to await the final disposition of the suit.