## CHAGNARD v. SCHIRO.

### No. 14725.

Court of Appeal of Louisiana. Orleans.
June 11, 1934.

Rehearing Denied June 28, 1934.

S. Roccaforte and Neil A. Armstrong, Jr., both of New Orleans, for appellant.

Joseph A. Casey, of New Orleans, for appellee.

HIGGINS, Judge.

This is a suit by a lessor against a lessee to recover rent for the balance of the term of the written lease on the ground that the lessee failed to pay one of the rent notes when it matured, thereby causing the remaining notes, under a provision in the lease, to become due and exigible. Plaintiff also claimed damages to the furniture and fixtures in the leased apartment said to have resulted through the defendant's carelessness.

The defendant admitted the signing of the lease and the rent notes, but denied that the remaining unpaid rent notes matured, averring that the rent was payable in advance and that the next installment was due on May 10, 1933, and that he vacated the premises on May 9, 1933, after having given the plaintiff due notice in writing of his intention to do so, and in reconvention sought to have the lease rescinded and dissolved on the ground that there were inherent vices and defects in the construction of the building which rendered it dangerous to the tenants and their visitors and unfit for the use for which it was leased.

There was judgment in favor of the plaintiff for the rent, but his claim for damages was rejected and the reconventional demand dismissed, reserving defendant's right to bring another suit. Defendant has appealed, and the plaintiff has answered the appeal asking that the judgment be amended by allowing the item for damages.

When the case was called for trial, the following objection and ruling were made:

"By Mr. Casey: Counsel for plaintiff objects to the consideration of the reconventional demand filed in this case and objects to any evidence to be hereafter offered under said reconventional demand, and now moves the court to strike from the pleadings the reconventional demand of the defendant, and we urge that the reconventional demand is vague, indefinite and does not specifically allege the defects in the premises referred to in the answer."

"By the Court: The objection to the reconventional demand for want of particular defects set out in the petition is sustained, reserving to the defendant all of his rights against the plaintiff."

While the plaintiff was on the stand and defendant's attorney sought to cross-examine him, counsel for plaintiff interposed the same objection to any evidence being adduced with reference to the reconventional demand and the trial court sustained the objection. Counsel for defendant then asked leave to amend the vague allegations of the reconventional demand or to supplement the vague allegations by a letter dated May 8th, 1933, which detailed the vices and defects that are claimed to have rendered the property dangerous and unhabitable to the defendant. The trial judge refused to permit the amendment or the filing of the letter, on the ground that the request came too late and that the letter was not made a part of the pleadings. A bill of exception was reserved and the letter made a part thereof.

Counsel for defendant then sought to introduce another letter written by the defendant to the plaintiff on April 27, 1933, in which defendant had called the plaintiff's attention to the fact that he would be compelled to vacate the apartment on May 10, 1933, on the ground that the building was a fire hazard, lacking in the adequate protection to the occupants of the building as required by the building code of the city. This letter was objected to on the ground that it was irrelevant and did not support any allegation contained in the answer or reconventional demand. The objection was sustained. A bill of exception was reserved to the ruling of the court, and the letter together with the postal registered receipt were annexed to and made a part thereof.

In article 2 of the petition it is stated that defendant abandoned the premises, and the defendant in article 2 of his answer states that he left the premises on May 9th, after "having given the plaintiff due notice in writing all according to law." The registered return receipt tends to show that the plaintiff received the defendant's letter of April 27, 1933, and was apprised of the reason why the defendant vacated the premises on May 9, 1933. It therefore appears to us that the let-

ter was admissible in evidence under that averment of the answer.

■ Was the ruling of the trial court in refusing to permit the defendant to amend the reconventional demand correct? The allegation in question reads as follows: "And now taking the position of plaintiff in reconvention, your respondent prays for the dissolution of the lease on the ground that there were inherent defects and vices in the construction of the building which rendered it dangerous to tenants and visitors and unfit for the use he had intended to make of it."

In the case of Stringfellow v. Nowlin Bros. et al., 157 La. 683, 102 So. 869, 870, the Supreme Court said: "One who desires relief by means of a reconventional demand must institute such a demand in court. His position, in reconvening, becomes that of plaintiff. So much is this the case that, although the demand be inserted in the answer, it is not considered as a part of the answer, but as a petition setting forth a distinct cause of action. Powell v. Graves, 14 La. Ann. 860. It is therefore subject to all the rules of pleading applicable to plaintiff, and must be set forth with the same clearness and precision as if alleged in a direct action. Frank v. Hollander, 35 La. Ann. 582; Bayly & Pond v. Stacey & Poland, 30 La. Ann. 1210; Teal v. Lyons, 30 La. Ann. 1140; Lallande v. Ball, 21 La. Ann. 185; McMasters v. Palmer, 4 La. Ann. 381." See, also, Equen v. Gernon, 1 Orleans App. 84.

In the case of Southport Mill v. Friedrichs, 167 La. 101, 118 So. 818, 820, the plaintiff sued the defendant to recover the sum of $5,-000 retained by him as a commission from a deposit of $10,000 made to bind an agreement for the sale of real estate which had been annulled by the court. Defendant filed exceptions of vagueness and no cause of action which were overruled and then answered. Plaintiff filed a rule to show cause why judgment should not be rendered in its favor on the face of the papers. When the rule was called for trial, defendant offered to file a supplemental answer for the purpose of amplifying his original answer. Plaintiff objected, and the trial court sustained the objection. Judgment was entered in favor of the plaintiff on the rule on the original pleadings, and defendant appealed. In reversing the judgment of the trial court the Supreme Court said:

"Defendant's exception of vagueness was overruled. If there is any ambiguity in plaintiff's petition, it is chargeable to, and must be construed against, the pleader. Breaux Bridge Lbr. Co. v. Hebert, 121 La. 188, 46 So. 206; Treadway v. Poitevent & Favre Lbr. Co., 142 La. 924, 77 So. 850. It is plain that defendant cannot be prejudiced by the ambiguous pleading. Unless he has clearly and specifically admitted the allegations of the petition, it was error to enter judgment on the pleadings. Strange v. Carraway, 159 La. 61, 105 So. 225. But we do not find this to be the case. Under defendant's theory, the pleadings raise material issues which can be determined by the court only after hearing the parties.

"Our conclusion is, also, that the court below should have permitted the supplemental answer to be filed. In this particular pleading, defendant has done nothing more than amplify his denial of the allegations of plaintiff's petition by setting forth the reasons why plaintiff should not recover. He does not change the original relief asked for, which is the rejection of plaintiff's demands. See Meyer v. Farmer, 36 La. Ann. 785.

"The whole tendency of modern practice is to yield as little as possible to technicalities and afford aid to the filing of amendments as far as is consistent with substantial justice. Koerber v. N. O. Levee Board, 51 La. Ann. 523, 25 So. 415. In a doubtful case, the doubt should be resolved in favor of the amendment."

See, also, Billet v. Publishing Co., 107 La. 751, 32 So. 17, 58 L. R. A. 62; McCollister Bros. v. LaBarre, 7 La. App. 350.

In the instant case the defense as well as the reconventional demand is predicated upon the ground that the tenant was justified in law in vacating the property on the theory that it had ceased to be fit for the purpose for which it was rented. In requesting the court to grant permission to amend, the defendant was seeking simply to amplify his defense and his claim in reconvention. He did not attempt to change the issue. Plaintiff was apprised of what the vices and defects complained of were because defendant had written him a letter to that effect on April 27, 1933, which was referred to in the answer. No undue disadvantage or delay could have been caused the plaintiff because, as we have already stated, in our opinion the issue tendered by the reconventional demand was also contained and presented in the answer; consequently, we must assume that the plaintiff was prepared to meet this issue. We believe, under the circumstances, the trial court should have permitted the amendment for the purpose of amplifying the allegations of the reconventional demand instead of striking it

out with reservation to the defendant of the right to bring another action.

Counsel for the plaintiff complains of the ruling of the trial court in sustaining the defendant's motion to reject the claim for damages on the ground that it had not been adequately proven. He argues that the proof is sufficient, and, if not, that plaintiff was entitled to at least a judgment of nonsuit as far as that item was concerned. There appears to be merit in the plaintiff's contention, but, as we are of the opinion that the trial court committed errors in the respects above stated that require us to set aside the judgment and remand the case for further trial, we shall afford the plaintiff an opportunity to offer additional proof in support of his claim.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that the case be remanded to the First city court for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.