REGAN, Judge.
Plaintiff, Walter A. Gill, the holder and owner in due course of a promissory note *25 in the initial amount of $2,000, instituted this suit against the defendant, Henry W. Citizen, endeavoring to recover the balance due thereon of $1,700 plus interest at the rate of 5% per annum from July 12th, 1951, together with 10% attorneys’ fees of both principal and interest.
Defendant excepted to the jurisdiction of the court asserting that the amount actually involved was but $50, which is less than the minimum monetary jurisdiction conferred upon the Civil District Court for the Parish of Orleans, which was overruled, and then answered admitting the execution of the note and insisted that 'he has always been willing to meet all payments maturing in connection therewith, but he is unwilling to pay the note in its entirety.
Thereafter the paintiff filed a supplemental and amended petition in which he pleaded, for the first time, the existence of a contract, dated January 12th, 1951, between himself and the defendant. The note originally sued on provided for the payment thereof at the rate' of $50 per month and contained no acceleration clause. The contract pleaded in the supplemental petition contained a clause accelerating the maturity of the note, at the option of the plaintiff, if defendant did not liquidate any installment within “a grace period of 15 days.”
Defendant then excepted to the supplemental petition in that it “alters the substance of the plaintiff’s demand by making it different from the one originally brought” and prayed that the order permitting the filing of the supplemental petition be recalled and rescinded. This exception was overruled and the case was tried on its merits.
From a judgment in favor of plaintiff as prayed for defendant prosecutes this appeal.
The record reveals that the plaintiff accepted this promissory note as part payment for the sale of his one-third interest in a business designated as the '“Citizen’s DeLuxe Cleaners” to the defendant, the terms of which sale are revealed in an agreement dated January 12, 1951-, and which reflects the existence of the acceleration clause referred to hereinabove. The defendant made six payments on account of the note, leaving a-balance due and owing on the principal amount of the note of $1700 together with interest. Defendant failed to make the payment due as of August 12th, 1951, and, on September 18, 1951, plaintiff instituted this suit.
Since defendant offered no resistance to plaintiff’s demand in the trial on the merits of the case, the only question posed for our consideration is, — after issue was joined, may plaintiff, with leave of the court, amend his original petition by incorporating therein the agreement of January 12, 1951, a clause of which accelerated the maturity of the note in default, of the payment of $50 due August 12, 1951.
We are of the opinion that this question should be answered in the affirmative since it is favorably encompassed by both the modern jurisprudence and the provisions of Article 419 of the Louisiana Code of Practice which read:
“After issue joined, the plaintiff may, with the leave of the court, amend his original petition; provided the amendment does not alter the substance of his demand by making it different from the one originally brought.”
We are fully cognizant of the fact that the. jurisprudence resulting from this article, i. e. whether a petition which fails to state a cause of action due to insufficient allegations may be amended after issue is joined, has vacillated for at least fifty years. However, the most recent jurisprudence emanating from the courts of this State leaves no doubt that the modern trend is to permit the amendment. Seale v. Stephens, 1946, 210 La. 1068, 29 So.2d 65; Arceneaux v. Louisiana Highway Commission, La.App., 1941, 5 So.2d 20.
Our adjective law is silent on the right of a plaintiff to amend his original petition before issue is joined. In consequence thereof the courts have consistently held that until the defendant appears the plaintiff may file as many supplemental petitions as he desires. Tarver v. Quinn, 1921, 149 La. 368, 89 So. 216.
Pursuing this premise to its logical conclusion the courts of this State have also held that such a' procedure may even be *26 followed without obtaining leave of court. Tarver v. Quinn, supra.
Proceeding under Article 419 of the Code of Practice, leave to amend the petition after joinder of issue, judges have said, is within the sound discretion of the trial court. Meridan Lumber Co. v. Holt, 1929, 9 La.App. 712, 120 So. 233.
Louisiana jurisprudence reveals innumerable cases which approve and disapprove the amendment. It would be a relatively impossible task to reconcile all of these cases except to say that the trend of modern practice is not to yield to technicalities, but to permit the filing of amendments as far as consistent with justice. Southport Mills v. Friedrichs, 167 La. 101, 118 So. 818.
If we were to accept the reasoning with respect , to technicalities and apply it with all of its implications to this case we would, 1 in effect, be recognizing the validity of the sophistry which prevailed during the regime of technicalities in Louisiana, usually referred to as the Augustan age when, in the heyday of that era, pleadings were deemed to be an end in themselves rather than merely a means to a just end. Apparently, a dilemma which systemized legal philosophy must face and solve is a combination of a due regard for the claims of justice and equity with a procedural system rigid enough to be workable to that end. When we favor one system of thought as diametrically opposed to the other, it is usually with the result that, one of two things ■ happens, • either all system is abandoned, or the system becomes such a labyrinth of technicalities that the reasoning of the courts is influenced almost entirely by the desire to apply and adhere to its procedural rules and, in the final analysis, justice is relegated to a position of secondary consideration. See Home Services v. Marvin, La.App., 1948, 37 So.2d 413. We shall hereinafter merely refer to several cases which reflect -the modern trend of the jurisprudence.
In the case of Glass v. Stewart, 1931, 16 La.App. 387, 133 So. 787 an amendment to the petition for the purpose of alleging jurisdictional value was permitted during the trial.
In Frierson Co., Inc. v. Murray, La.App., 1939, 190 So. 132 it was held that after issue was joined in a suit on an open account the trial judge would permit the filing of a supplemental petition for the purpose of correcting clerical errors in an itemized statement attached to the original petition.
In Brocato v. T. S. C. Motor Freight Lines, La.App., 1945, 22 So.2d 480, the court was of the opinion that when judgment is sought against several defendants in solido, a new defendant may be brought into the case by means of a supplemental petition even after the joinder of issue.
It will be readily appreciated that the fundamental objective of Article 419 of the Code of Practice is to prevent the insertion into, a petition of a new cause of action which might vary the nature of the original demand.
In Petitpain v. Frey, 1840, 15 La. 195; Reeves v. Globe Indemnity Co., 1936, 185 La. 42, 168 So. 488 and Arceneaux v. Louisiana Highway Commission, one of the tests devised to determine whether the substance is changed by an amendment is, to inquire whether the matter set forth in the two petitions are inconsistent or contradictory.
This case meets that test perfectly, in that the incorporation of the two petitions into one reflects no change in the intended and actual status of the parties nor does it disclose any inconsistency or contradiction in the allegations thereof.
In the instant case the plaintiff did not seek to change the substance of the demand, but sought to merely reveal the existence of an agreement between plaintiff and defendant upon which the note was predicated. In view of the jurisprudence of Louisiana construing Article 419, we are of the opinion that this case is within the allowable area of amendments after joinder of issue. Although the wording of Article 419 indicates that it is based, on a technical cause of action, pleading, its liberal interpretation by the jurisprudence of this State tends to reach the results which are in conformity with established principles of justice.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.