ELLIS, Judge.
This suit arose from an automobile accident which occurred on March 13, 1954 at about 6:30 P.M. on Highway 165 which leads out of the City of Oakdale, La. John D. Sales was killed in this accident and his widow, on behalf of herself and as natural tutrix of her two minor children, seeks damages against Frank Singletary and Dillard Cloud, claiming the injuries from which he died resulted from the negligence of both defendants. Trial in the lower court resulted in favor of the plaintiff, and the defendant Dillard Cloud has appealed.
The original petition designated the District Court of Allen Parish as the 14th Judicial District. As a matter of fact the Parish of Allen forms part of the 31st Judicial District. Both defendants filed exceptions to the jurisdiction. Thereupon, the plaintiff filed, with leave of the Court, a supplemental and amended petition showing the Parish of Allen to be in the 31st Judicial District. The exceptions were overruled.
The appellant, Dillard Cloud, then filed a motion to strike the amended petition^ based upon the premise that in order to allow the amendment of a petition, a court must be first vested with jurisdiction of the suit. The District Court overruled this motion but the exceptions and motion to strike are reurged on appeal.
The accident occurred in the Parish of Allen and the petition was addressed to the District Court of said Parish. The appellant maintains the plaintiff’s suit should be dismissed as the lower court did not have the authority to allow an amendment; that had the case resulted in a judgment being rendered upon the original petition, such judgment would have been a nullity. It strikes us that such a contention is without merit since the proper district court was addressed in the original petition and its designation as the 14th Judicial District instead of the 31st did not in any way abrogate any right the defendants may have had and it certainly was within the discretion of the lower court to allow an amendment to properly designate the numerical order of the court when the district court of the proper parish was addressed in the original petition. It might be that a petition is filed and typographical error made to designate the judicial district as the 4th, when, as a matter of fact, it is the 3rd. If the suit is brought in the proper parish the trial court can allow an amendment to correct this unimportant error. , Counsel for the appellant states in his brief that we will find a number of decisions upon this point, but failed to cite any.
In Bruno v. Gauthier, La.App., 70 So.2d 693, 695, an appellant sought the dismissal of a suit since the petition, as originally filed, was addressed to a non-existent court and there could be no amendment to cure this defect. The Court, quoting authorities, held that a caption might be amended, and quoted the language of our Supreme Court; from Southport Mill v. Friedrichs, 167 La. 101, 118 So. 818:
“ ‘The whole tendency of modern practice is to yield as little as possible to technicalities and afford aid to the filing of amendments as far as is consistent with substantial justice,’ ”
It is beyond doubt that the plaintiff could have dismissed suit and immediately brought another, heading the petition the 31st Judicial District instead of the 14th. We believe that justice is done by allowing an amendment.
The record shows that the plaintiff was a passenger in the car operated by her *253 husband, and that her minor son, Johnny-Sales, was in the car with her and her husband on the front seat. This car was being driven through the city limits of Oakdale, Louisiana, when two automobiles approached it from the opposite direction. One was being driven by Frank Single-tary, one of the defendants, and the other by Dillard Cloud, the other defendant. The deceased, who Was traveling north in his right lane, pulled his car over onto the shoulder of the highway and stopped. His lights were burning. The two cars approached, side by side from the north, traveling south, at a very high rate of speed. The Singletary car attemped to pass the Cloud car, and these two vehicles collided and the Singletary car struck the car in which the deceased was seated, producing injuries which resulted in his death.
Singletary filed what amounts to a general denial. Cloud denied any negligence, alleging he was traveling at a legal rate of speed and driving in a careful and prudent manner; that the accident was caused entirely by the negligence of Single-tary.
The fact that the Sales car was parked on the shoulder of the highway when the accident occurred is not disputed by any evidence whatsoever, nor is the fact that his lights were burning, and he had pulled over to the shoulder prior to the time of the accident. Consequently, there is absolutely no doubt but that he and the occupants of his car were free from any fault whatsoever and could not have contributed to the collision.
Mrs. Sales testified that her husband pulled off onto the shoulder of the road; that they had been driving very slowly; that he used his brakes and stopped; that when she looked up she saw the two vehicles approaching from the north at a very high rate of speed and as one was attempting to pass the other it collided, pitched up into the air, turned over and struck the car in which she was seated.
The defendant, Singletary, and his wife, who was riding with him, stated that he and Cloud had been racing; that he had passed Cloud and after going some two or three miles Cloud passed him, when he, Single-tary, was then going about 60 miles per hour; that he finally caught up to Cloud when they had nearly reached Oakdale, and then he pulled over to go around Cloud, but that Cloud pulled into the left lane to prevent him passing, then pulled to his right, and that he then tried.to pass him again, but that Cloud again pulled his car toward him and the accident occurred. Singletary also testified that at the time of the accident he was traveling at about 90 miles per hour but was not able to pass the Cloud vehicle, and that the accident happened within the city limits of the Town of Oakdale. He also admitted he and Cloud had been racing for some time, and at the coroner’s inquest he told the coroner that at the time of the accident he was traveling about 97 miles an hour. Both Singletary and his wife stated that previous to the accident 'the Cloud car had passed them and that he had to pull off onto the shoulder of the road to keep from having a collision with a car approaching from the opposite direction.
Shortly before the accident it appears, from the testimony of Mr. and Mrs. Adolph Daspit, that the Cloud and Singletary vehicles had passed them and were traveling very fast, apparently racing each other; that their speed at that time was about 80 miles an hour, and Daspit had to brake his car to keep from having a collision.
A State Trooper, Jaringan, testified that he came to the scene- of the accident about one-half hour after its occurrence and found the parties still there. He examined the physical facts and talked to Cloud and Singletary. According to his testimony Cloud told him he was going 95 miles per hour at the time of the accident and Single-tary stated he was going about 97. Jarin-gan testified that Cloud’s car traveled 390 feet after the impact and cut down a pine tree some 8 inches in diameter.
Cloud denied that he had been racing with Singletary and stated he was only traveling around 45 or 50 miles an hour. This is not borne out by the fact that his *254 car traveled 390 feet after the accident and ran into a ditch after cutting down the pine tree mentioned. He also stated he did not see the Sales car and did not know any other vehicle except the Singletary vehicle was involved in the accident.
Louisiana Revised Statutes, LSA, Title 32, Section 223, states:
“No person shall operate or drive any passenger or other motor vehicle upon the highways of this state at a speed in excess of sixty miles per hour outside of any town or village not incorporated, or at a speed in excess of twenty-five miles per hour within any town or village not incorporated.”
Louisiana Revised Statutes, LSA, 32:227, reads:
“In addition to the specific speed limitations of this Chapter, no person shall operate any vehicle upon the highways of this state at other than a reasonable and proper speed upon the circumstances, or at a speed endangering the persons or property of others.
“Whoever operates a vehicle in violation of the speed limitations of this Chapter shall be prima facie at fault and responsible for any accident proximately caused by such operation.”
In Dyck v. Maddry, La.App., 81 So.2d 165, 167, we find the following:
“Provisions of Plighway Regulatory Act, LSA-R.S. 32:227, prohibit the operator of any vehicle upon the highways of this state from driving at other than reasonable or proper speed under the circumstances. A driver shall at all times be on the alert, steadily watching road conditions ahead as they are revealed, and keep his vehicle under such control and maintain such ■ speed as- is commensurate with circumstances, and the greater the known hazard the greater should be the degree of care exercised. * * * ”
There is no doubt but that Singletary as well as Cloud were guilty of the grossest negligence. They were both traveling at a speed that in itself constituted negligence. Both utterly disregarded their own safety as well as the safety of others and their culpable behavior cannot be excused. The deceased took every precaution possible to protect himself and his family and we can state positively the proximate cause of the collision was the negligence of both Singletary and Cloud.
The Sales minor, who was a passenger in the Sales car, was injured slightly, and the District Court awarded his natural tutrix, upon his behalf, the sum of $100. We find this award to be correct.
The District Court awarded the plaintiff $11,000 individually, and $10,000 upon behalf of the minors. Plaintiff’s brief asks that this judgment be affirmed and does not seek an increase in these awards.
The judgment of the District Court is affirmed.