DOMENGEAUX, Judge.
In this suit plaintiff, a successful bidder at a sheriff’s sale held on November 21, 1959, of immovable property, seeks to recover the sums paid by him to the sheriff for the property because of the subsequent nullification of the sale.
Considerable litigation[1] in the course of which the property of one Dillard Cloud was seized and sold at the above said sheriff’s sale culminated in the case at bar. One of the seizing creditors was Vincent Hazleton, who was also attorney for the remaining seizing creditors. The land sold for $1300.00, which sum minus $141.00 deducted for his costs, was turned over by the sheriff, to Mr. Hazleton, as attorney for the seizing creditors.
Prior to the sale, Dillard Cloud and his wife had asserted their homestead exemption under Article 11, Section 1 of the Louisiana constitution, and were successful in subsequent litigation to annul the sale for the reason that it was consummated for less than the amount of the homestead exemption. Plaintiff, Jimmy Cloud, then filed the instant suit for the return of the sums that he had paid to the sheriff against the seizing creditors, the sheriff, Grady Kelley, Jr., and the latter’s insurer, Maryland Casualty Company. To protect themselves should they be held liable to plaintiff, the sheriff and his bonding company filed a third party demand against the seizing creditors. Other pleadings involved herein are irrelevant to our consideration for reasons to be set out shortly.
The trial court rendered judgment in favor of plaintiff and against the sheriff and his insurer in the amount of $141.00, and dismissed all other claims and third party demands. Plaintiff appealed that judgment to this court, as did the sheriff and his insurer. The plaintiff, however, did not file a brief in this court and failed to appear when the case was called for argument. Accordingly we consider his appeal as abandoned and dismiss it under the authority of Rule VII, Section 5(b) of the Uniform Rules of the Courts of Appeal in and for the State of Louisiana. We are therefore left with, and consider only, the appeal of Grady Kelley, Jr. and Maryland Casualty Company.
The evidence is uncontradicted that the sheriff deducted the amount of his costs, $141.00, from the proceeds of the sale be *832 fore paying same to the judgment creditors. This he was entitled to do. Louisiana Code of Practice, Art. 704; Connors v. Citizens Mutual Insurance Company, 22 La.Ann. 330. (At the time of the sale the Louisiana Code of Practice was still in effect but the same result would be produced by the current Code of Civil Procedure under Article 2373.)
 It follows from those articles, and it is our jurisprudential rule, that the seizing creditor is responsible for the costs of the sale and assumes the risk that the seized property will not sell for an amount in excess of the homestead exemption ($4,-000.00; Louisiana Constitution Article 11, § 1) and the costs of the sale. Succession of White, 170 La. 403, 127 So. 883; Cloud v. Cloud, supra (footnote 1). Accordingly the proper persons to pay the costs of this sale were the judgment creditors — not the purchaser, the plaintiff herein, and the trial court was correct in awarding plaintiff the amount of the costs, $141.00, since that amount had been deducted from the sum originally paid by him.
The trial court was in error, however, when it rejected the third party demands of the sheriff and his insurer against the seizing creditors. It is clear from the above discussion that the sheriff acted properly in deducting the amount of the costs from the purchase price of the property, and that the seizing creditors are the parties responsible for those costs. The sheriff and his insurer are therefore entitled to judgment against the seizing creditors in the amount of $141.00.
For the above and foregoing reasons the judgment of the district court is reversed insofar as it rejected the third party demands of the sheriff and his insurer against the seizing creditors and judgment is now rendered in favor of Grady Kelley, Jr., and Maryland Casualty Company and against Vincent Plazleton, Ward Cloud, Jim Thompson and Viola C. Stone, in solido, in the full sum of One Hundred Forty-one and No/100 ($141.00) Dollars, together with legal interest thereon from date of judicial demand until paid in full. In all other particulars, the judgment of the district court is affirmed. Costs of this appeal are to be borne by the said Vincent Hazleton, Ward Cloud, Jim Thompson and Viola C. Stone, in solido.
Affirmed in part, reversed in part, and rendered.

. Sales v. Cloud, La.App., 88 So.2d 251; Cloud v. Cloud, La.App., 127 So.2d 560; Cloud v. Wells, La.App., 127 So.2d 572; cloud v. Cloud, La.App., 145 So.2d 331; Cloud v. Wells, La.App., 145 So.2d 335.